GROVE M. HARWOOD, Respondent, *v.* OSCAR H. LA GRANGE et al., Appellants.

When an attorney renders services in an action under an agreement that he shall receive his compensation out of the proceeds thereof, he has an equitable lien upon or ownership, as equitable assignee, in such proceeds.

When, however, the agreement fixes no sum or rate of compensation for his services, the attorney in an action to enforce his lien or claim, is bound to establish by evidence, competent as against his client, the value of the services.

(Submitted December 23, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The plaintiff and the defendants La Grange are attorneys at law, and were, before the commencement of this action, engaged in carrying on for their clients six actions, called in the record, the Santa Maria actions. The defendant Buel, also an attorney, was employed in the litigation as counsel and rendered some service therein. The plaintiff claims

that he and the two defendants named were employed in the actions under an agreement whereby they were severally to be paid only in case of success in the actions and only out of the proceeds received. The litigation was brought to a successful issue and the proceeds in money and promissory notes were placed in the hands of the defendant, Ingersoll, as trustee for the parties interested. The plaintiff commenced this action, making, besides the three already named, the plaintiffs in the Santa Maria actions defendants, and alleging in his complaint these and other facts; and he prayed for relief among other things that the rights and interests of the plaintiff and the defendants in the funds in the hands of the trustee be determined and adjusted. All the defendants interposed answers to the complaint; but only the answers of the defendants La Grange, Smith and Wibert, who alone appeal, need now be noticed. They denied many of the allegations of the complaint, and put in issue the alleged agreement as to the compensation of the plaintiff and the defendant Buel, and alleged that La Grange was the only attorney employed by the plaintiffs in the Santa Maria actions; that the plaintiffs in those actions made no agreement with the plaintiff, but agreed with La Grange only that he should have a contingent fee payable out of the proceeds of those actions; that La Grange employed the plaintiff as counsel in those actions and agreed that he should have a contingent fee payable out of his share of the proceeds of those actions. The answers also alleged that the defendants Smith and Wibert and Mrs. La Grange and I. M. Taylor were each entitled on account of moneys contributed to conduct the Santa Maria litigation by virtue of agreements made with them to share in the proceeds held by the trustee.

The action came to trial at a Special Term of the court, and the trial judge found, among other facts, the following : That before the commencement of the Santa Maria actions, agreements were made with the plaintiffs therein that the compensation for legal services of the attorneys and counsel in those actions should be contingent upon the results of the actions, and that such compensation should be had and received out of such results only ; that La Grange was originally employed by

the plaintiffs in those actions to conduct the same, and was authorized by them to employ counsel, who should be paid out of the results of such actions, if any; that La Grange did, in pursuance of such arrangement with the plaintiffs in those actions, and with their approval, associate with him, the plaintiff, as counsel in the several actions, and the plaintiff did render services as such in all the actions. He found other material facts as to the successful termination of those actions, and the placing of the proceeds of them in the hands of Ingersoll, as trustee, and he determined the amounts which the plaintiff, La Grange and Buel should have of the proceeds; and he ordered judgment, giving them equitable liens upon the funds in the hands of the trustee for the amounts thus determined.

The following is the opinion in full:

"We think there was sufficient evidence to authorize the finding of the trial judge that the plaintiff rendered services in the Santa Maria actions under the agreement substantially alleged in the complaint that he was to receive his compensation out of the proceeds of those actions. All the facts and circumstances and the just inferences from them tend to establish such an agreement. It was not important for the plaintiff to show that the agreement was made directly with the plaintiffs in those actions. It was sufficient that he was employed under the agreement made with La Grange who acted in making it with the authority of those plaintiffs and on their behalf.

"That the agreement gave the plaintiff an equitable lien on or ownership as equitable assignee in the proceeds of the actions, is not open to doubt. It has been so determined in many cases. (*Williams* v. *Ingersoll*, 89 N. Y. 508; *Fairbanks* v. *Sargent*, 104 id. 108 and 117 id. 120; *Boyle* v. *Boyle*, 106 id. 654; *Chester* v. *Jumel*, 125 id. 237.)

"The agreement as to the compensation of the plaintiff did not fix any sum or rate, and hence he was bound to show and establish upon the trial the value of his services, and this he was bound to do by evidence competent against not only La Grange but the defendants Smith and Wibert who were plaintiffs in some of the Santa Maria actions, and who were interested in the proceeds of those actions. There was upon

the trial absolutely no competent evidence of the value of plaintiff's services in those actions. The trial judge took as a basis for his division and distribution of the funds in the hands of the trustee an agreement in reference thereto claimed by the plaintiff to have been made between him, La Grange and Buel. It appears in the evidence that 'subsequent to the commencement of this action these three parties met and came to an oral agreement as to the share each one was to have in the funds. That agreement was reduced to writing and signed by the plaintiff and Buel. But La Grange refused to sign it. It was evidently understood that the agreement was to be in writing signed by the parties. Finally La Grange refused to sign it or to complete the arrangement. It is not important now to determine whether, under such circumstances, he was bound by what took place between the three parties as an agreement. Such an incomplete transaction may furnish some evidence of facts stated and admitted, even if it may not be treated as a completed agreement. But the alleged agreement, so far as we can perceive, was not of the least importance in this case. The three parties acted for themselves in making it and for no one else. La Grange did not assume to act for his clients in this action. They simply came together and agreed what share each should have in the funds. They did not even determine, or assume to determine, what was the fair value of the services rendered by each in the Santa Maria actions. They simply determined what share each wanted in the funds. The three lawyers got together and divided up the proceeds of the litigation to suit themselves without consulting their clients. Such a transaction furnishes no evidence whatever of the value of their services, and could not properly furnish any basis for the judgment in this action. Smith and Wibert were not bound by that arrangement.

"There is no possible theory upon which it can be claimed that La Grange had authority to make the settlement. As the attorney in the Santa Maria actions, he had no more authority as against his clients to adjust the compensation of counsel employed by him than he had to adjust his own compensation. As attorney for Smith and Wibert in this action, he could not, even if he had attempted to do so, make a settle-

ment with the plaintiff and Buel, determining what share he and they should have in the funds. But as before said, he did not assume to act for his clients in making the settlement.

"There is no difficulty about the pleadings in this action. The very purpose of the action is to determine the rights and interests of all the parties in the funds in the hands of the trustee, and unless that be accomplished the action will prove abortive.

"This case should be tried again, and the value of the services of the three lawyers should be properly proved by evidence competent against all the parties interested, and should be found by the court.

"It was alleged in the answer, and evidence was given upon the trial tending to show that Taylor and Mrs. La Grange were also interested in the funds, and the suggestion is made that it would be well to bring them in as defendants in this action.

"The judgment should be reversed and a new trial granted, costs to abide event."

*Charles Strauss* for appellants.

*Oliver P. Buel* and *Grove M. Harwood* for respondent.

EARL, J., reads for reversal and new trial.
All concur.
Judgment reversed. _____