In the Matter of the Application of Thomas S. Bassford, Appellant, to Have Determined and Enforced a Lien Claimed by him for Legal Services Rendered to George F. Johnson, Respondent.

Contract — Construction of Agreement as to Percentage upon an Award for Land Taken. Under a written agreement that an attorney at law should receive for his services "ten per cent of whatever award may be obtained for my land," where the title to the land was taken upon a specified date, but the award was not made until nearly four years thereafter, the attorney is entitled to ten per cent upon the interest accrued as well as the principal sum for which the award was made.

*Matter of Bassford* v. *Johnson*, 71 App. Div. 617, modified.

(Argued November 10, 1902; decided November 18, 1902.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 11, 1902, affirming an order of Special Term denying a motion to determine and enforce a lien for legal services.

The facts, so far as material, are stated in the opinion.

*Charles L. Guy* for appellant. Upon any theory, the petitioner is entitled to share in the interest, and his compensation cannot be less than ten per cent of the total amount. (*Carpenter* v. *City of New York*, 44 App. Div. 230 ; *Devlin* v. *Mayor, etc.*, 131 N. Y. 125.) The petitioner is entitled to compensation on the basis of an award of $70,213.26. (*Devlin* v. *Mayor, etc.*, 131 N. Y. 123; *Matter of Board of Street Opening*, 21 App. Div. 357; *Matter of Nelson Avenue*, 35 App. Div. 406; *Matter of Mayor, etc.*, 40 App. Div. 452.) The compensation of an attorney is protected by a lien upon the cause of action and the proceeds thereof. (*Matter of King*, 168 N. Y. 53.)

*Richard M. Bruno* for respondent. The awards for the land actually amounted to $56,238.10, and no more. (*Dev-*

*lin* v. *Mayor*, etc., 131 N. Y. 123.) The so-called interest was no part of the award for the land, and is distinguishable therefrom. (*Matter of 169th St.*, 40 App. Div. 452.) Independently of the relation which subsisted between the parties, the retainer or agreement is to be construed strongly against the party who framed it. (*Gilbert* v. *Bank*, 160 N. Y. 549; *Holly* v. *M. L. Ins. Co.*, 105 N. Y. 437.) The agreement being between attorney and client must be construed favorably to the client. (*Hitchings* v. *Van Brunt*, 38 N. Y. 335; *Burling* v. *King*, 46 How. Pr. 452.)

HAIGHT, J.  George F. Johnson, the respondent, retained Thomas S. Bassford, the appellant, an attorney at law, to represent him in proceedings instituted by the city of New York for the opening of Leggett avenue over premises owned by the respondent. The retainer was in writing and Johnson agreed to pay Bassford for his services "ten per cent of whatever award may be obtained for my land." On the 23d day of June, 1897, the board of street opening and improvement, pursuant to section 956 of the Consolidation Act, as amended by section 1, chapter 660 of the Laws of 1893, passed a resolution directing that, on the first day of July, 1897, the title of the lands required for the opening of Leggett avenue should vest in the city. Proceedings were thereupon continued before the commissioners of estimate, who, on the 22d day of May, 1901, made their report awarding to Johnson for his lands the sum of $56,238.10. Upon this sum Johnson was entitled to interest from the date of the vesting of the title in the city, which amounted to the sum of $13,975.16, making a total of $70,213.26. The Special Term awarded to Bassford a lien of ten per cent upon the amount of the award of $56,238.10, and denied his application for a lien upon the amount of the interest accrued, and it is this claim for a lien upon the interest which is now brought up for review.

The retainer being in writing, the question raised must be determined from a construction of that instrument. By its terms, the attorney was to receive for his services ten per cent

of whatever award may be obtained for Johnson's land. The title to the land was taken, as we have seen, by the city on the first day of July, 1897, and if the award had been then made the attorney unquestionably would have been entitled to ten per cent thereof and the interest thereon that thereafter accrued down to the date of the payment, but the award was not made until nearly four years thereafter. But when made it was for the value of the land at the time that the title was taken by the city, and, therefore, so far as interest is concerned, the award is deemed to have been made of that date, so that the effect is the same as if the award had been made on that day and the payment postponed for four years thereafter. We, consequently, are of the opinion that, under the retainer, Bassford was entitled to his ten per cent upon the interest accrued as well as the principal sum for which the award was made.

The order of the Appellate Division and that of the Special Term should be modified so as to establish the appellant's lien of ten per cent upon the entire sum of $70,213.26, and as modified affirmed, with costs to the appellant.

Parker, Ch. J., O'Brien, Bartlett, Martin, Vann and Cullen, JJ., concur.

Ordered accordingly._____