FERRIS v. LAWRENE et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. ATTORNEY AND CLIENT (§ 182*)—COMPENSATION—RIGHT TO LIEN.
   Judiciary Law (Consol. Laws, c. 30) § 475, giving an attorney a lien upon the recovery for his fee, gives an attorney employed to obtain compensation for premises taken by a city a lien upon the proceeds.
   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 400; Dec. Dig. § 182.*]

2. PLEADING (§ 214*)—ADMISSION BY DEMURRER.
   Allegations of a complaint stand admitted on demurrer thereto.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. ATTORNEY AND CLIENT (§ 165*)—SUIT FOR COMPENSATION—PLEADING—SUFFICIENCY.
   A complaint, alleging employment of plaintiff by defendant to obtain compensation for land, to be taken by a city, for a specified part of the recovery, that on condemnation proceedings being commenced plaintiff negotiated a sale to the city at a specified price, which the city paid plaintiff, though notified of his rights, and setting out a notice filed with the board of estimate in which defendant acknowledged appearance in the proceeding by plaintiff, states facts entitling plaintiff to a lien.
   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 165.*]

Appeal from Special Term, Kings County.

Action by Clarence C. Ferris against Augustus E. Lawrene and another. From an interlocutory judgment overruling a demurrer, defendant Lawrene appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Otto F. Struse, for appellant.
George M. Mackellar, for respondent.

WOODWARD, J. The complaint alleges, in so far as it relates to the defendant Lawrene, that he was, on the 3d day of March, 1900, the owner of certain premises in the borough of Brooklyn, and that on said 3d day of March he entered into an agreement in writing with the plaintiff, wherein and whereby the said defendant authorized the plain-

---

tiff to take all lawful proceedings to obtain compensation for the said premises, which were then proposed to be taken by the defendant the city of New York for a portion of the approach to the new East river or Williamsburgh Bridge, and that by the terms of said agreement said defendant Lawrene agreed to pay, and assigned to the plaintiff for all services to be rendered by him in obtaining such compensation, 20 per cent. of the amount over and above the sum of $16,500 which should be· awarded for damages for the taking of said premises by the defendant the city of New York. The complaint further alleges that subsequently the city of New York instituted proceedings for the acquisition of the said premises; that commissioners of estimate and appraisal were duly appointed and entered upon the discharge of their duties; that the plaintiff appeared in such proceedings on behalf of the defendant Lawrene; that subsequently, under the provisions of section 1436c of the Greater New York Charter (Laws 1901, c. 466), the plaintiff prepared an offer on behalf of the defendant Lawrene for the sale of the said premises for the purposes contemplated in the proceeding; that he duly submitted such proposal to the proper officials; that subsequently the defendant Lawrene and the defendant the city of New York entered into negotiations for the sale of the said premises, which negotiations resulted in the sale of the same for the sum of $19,500; that the said premises were conveyed by the defendant Lawrene to the defendant the city of New York; and that the latter paid to the former the sum of $19,500, notwithstanding that the plaintiff had duly notified the defendant the city of New York of his rights in the premises. The city of New York has answered in the action, and the defendant Lawrene interposed a demurrer that the complaint does not state facts sufficient to constitute a cause of action. The learned court at Special Term has overruled the demurrer, and from the interlocutory judgment the defendant Lawrene appeals.

The appellant urges that the alleged agreement between the parties is annexed to the complaint and expressly made a part thereof, and that it's legal effect must be gathered from the instrument itself, and not from allegations in the complaint characterizing its legal effect, and the argument deduced is that the instrument does not assign or purport to assign any interest in said property or any interest in any amount to be awarded, and that any allegations in the complaint that the defendant Lawrene did assign to the plaintiff any interest in the premises or in the award therefor in the proceeding must be disregarded, citing Black v. Homeopathic Mutual Life Ins. Co., 47 Hun, 210. Assuming that this is the law, and that we are to disregard the allegation of the complaint that the instrument assigned something to the plaintiff, we are unable to see how this has any particular bearing upon the case, if the contract of employment set forth in such agreement was between an attorney and his client, for in that event the statute (section 475 of the judiciary law [Consol. Laws, c. 30]) provides that:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's

favor, and the proceeds thereof in whosesoever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order."

It cannot be doubted that the contract of employment, made a part of the complaint, shows upon its face that it is a contract between an attorney and his client, and the provisions of the judiciary law above quoted have been construed to give the client a lien upon the fund created by the settlement of an action or special proceeding. Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395. The contract herein set forth is in legal effect the same as that involved in Matter of Bassford, 36 Misc. Rep. 732; 74 N. Y. Supp. 397, and in that case there was no question of the attorney's right to recover; the only question seriously urged being that he was not entitled to interest upon his share of the award. See Matter of Bassford v. Johnson, 172 N. Y. 488, 65 N. E. 260. In Harwood v. LaGrange, 137 N. Y. 538, 32 N. E. 1000, it was held that, when an attorney renders services in an action under an agreement that he shall receive his compensation out of the proceeds thereof, he has an equitable lien upon or ownership, as equitable assignee, in such proceeds, and that is the plaintiff's theory in the present case. While it may be that he has not stated his case as clearly and concisely as might be desired, as against a demurrer, we are of the opinion that it is not open to the objections urged.

The plaintiff sets forth as a part of his complaint a copy of a notice served upon the board of estimate and apportionment, acknowledged by the defendant Lawrene, in which he says that he "has heretofore duly appeared in the above-entitled proceeding by Clarence C. Ferris, Esq., attorney and counselor at law, as his attorney therein," and, with this in the record as a part of the complaint which is admitted for the purposes of the demurrer, we are at a loss to discover any reason for holding that the complaint does not state all of the facts necessary to a good equitable cause of action for the relief demanded in the complaint. See Fischer-Hansen v. Brooklyn Heights R. R. Co., supra, page 502 of 173 N. Y., page 395 of 66 N. E.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.