# Elliott, *et al. v.* Kyle.

### *Bill to Declare a Deed a General Assignment.*

(Decided April 11, 1912.  58 South. 309.)

1. *Assignment; Benefit of Creditors; Conveyance Creating Trust.*— The allegations of the bill considered, and it is held, in view of the provisions of section 4295, Code 1907, that the equity of the bill must be determined upon the matters of substance averred, and the relief prayed; and it will be construed as one to have the deed in question declared a general assignment, although it also contained averments of fraud.

2. *Same.*—Such a bill is not insufficient, though its allegations are insufficient to show fraud in the transaction, even though the creditors might have also had relief by setting aside the conveyance for fraud since the intention is not always controlling.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by T. S. Kyle against J. M. Elliott and others, to declare a deed a general assignment for the benefit of the creditors. From a decree overruling demurrers to the bill respondent appeals. Affirmed.

DORTCH, MARTIN & ALLEN, and HOOD & MURPHREE, for appellant. The two aspects of the bill are wholly inconsistent, and at war with each other, cannot stand together.—87 Ala. 404. The bill is insufficient as charging fraud.—58 Ala. 667; 3 Mayf. 826.

[Elliott, et al. v. Kyle.]

W. J. Boykin and A. E. Goodhue, for appellee. Section 4295, Code 1907, furnishes all the authority necessary to support the bill and give it equity.—*Anniston Co. v. Ward,* 108 Ala.85; *Smith v. McFadden,* 138 Ala. 284. Although the conveyance is without fraud the statute makes it create a trust in favor of the other creditors.—*Morrow v. Campbell,* 118 Ala. 330; *Planters Bank v. Paulk,* 124 Ala. 591. As to what is or is not a general assignment, see *Fouche v. Swain,* 80 Ala. 151; *Bell v. Goetter,* 106 Ala. 462; *Baxley v. Simmons,* 133 Ala. 117.

SAYRE, J.—This appeal is prosecuted from a decree overruling appellants' demurrer to appellee's bill. To make a brief general statement of the bill, it avers that the defendant J. M. Elliott, being indebted to complainant in the sum of $32,000, and to the First National Bank of Gadsden to the extent of $35,000 or $40,000, or other large sum, and to others, not named, in sums not named, he and his wife and co-defendant, Nena Kyle Elliott, have conveyed to the Alabama City Land & Development Company, a corporation controlled by defendant Elliott and his wife, the latter of whom owns all, or "practically all," of the capital stock, all or substantially all his property, worth from $75,000 to $100,000, on a recited consideration of "one dollar and other valuable consideration," and has received from the grantee corporation its notes, "aggregating less than $20,000," which have been transferred to the defendant bank in payment of or as security for its said debt. Of the conveyance here shown, the bill avers that it gave a preference or priority of payment to the bank over other creditors of the grantor; that it was resorted to as a subterfuge or device, adopted for the purpose of placing the property beyond the reach of creditors, especially com-

plainant, and with the intent to injure, delay, or defraud them of their just debts and demands. The special prayer of the bill is that the deed be declared a general assignment for the benefit of all creditors who may come into the suit on the invitation of the bill, to which is added the prayer for general relief.

Objections urged against the bill in this court are two: First, the bill is multifarious, in that its averments are inconsistent and repugnant, so that, should it be taken as confessed, the court would be at a loss whether to decree according to the one state of facts or the other; second, the averment of fraud is insufficient, as being nothing more than the mere conclusion of the pleader.

Entirely apart from the averment touching defendant Elliott's fraudulent intent to injure, delay, or defraud his creditors, the equity of the bill is to be placed upon the fact that said defendant has conveyed all, or substantially all, his property to pay or secure an antecedent debt, or, in the effort to pay or secure such debt, has adopted a device different in form from those transactions or conveyances specifically mentioned in the statute, but which is nevertheless a disposition of his property which will, if undisturbed, accomplish the same result. The statute (Code, § 4295) provides that "every general assignment made by a debtor, or a conveyance by a debtor of substantially all of his property subject to execution in payment of a prior debt, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be and inure to the benefit of all the creditors of the grantor equally"—in a word, shall constitute a general assignment. The statute proceeds: "A general assignment within the meaning of this section shall include in addition to the conveyances now defined as such by law, every * * * disposition of

property by which a debtor conveys all or substantially all of his property subject to execution, in payment of, or as the security for, a prior debt, or charges such property with the payment of such debt." This court has held, in the face of a strong dissent, that any conveyance of all, or substantially all, the grantor's property, intended to pay or secure one creditor to the exclusion of others, whatever its form or through whatever conduits it may operate, must be given effect as a general assignment under the statute.—*Smith v. McCadden*, 138 Ala. 284, 36 South. 376. When the relation between grantor and grantee and the form of the transaction do not on their face import an arrangement to which the statute assigns a particular operation and effect, without regard to the intention of the parties, as where it purports to be a sale to a person not a creditor, but the transaction is in truth nevertheless a disposition of all the grantor's property, with intent to pay debts and evade the statute, it becomes necessary to aver its true meaning and intent, as has been done in the case before us. Such a device suggests fraud; but the result accomplished is not necessarily fraudulent. The sale. or conveyance is not annulled. At the election of creditors not paid or secured, it inures to their benefit; the vendee becomes a trustee, holds the title passing by the sale or conveyance, but holds it for the equal benefit of all creditors, as if such had been the expressed purpose and object of the sale or conveyance.—*Gay, Hardie & Co. v. Strickland*, 112 Ala. 572, 20 South. 919. Any other different purpose of the grantor, as, for example, his fraudulent intent to hinder or delay other creditors, is a matter of no consequence, and need not be considered as affecting the equity of a bill seeking to have the conveyance declared a general assignment.—*Morrow v. Campbell*, 118 Ala. 330, 24 South. 852; *Gay, Hardie &*

*Co. v. Strickland, supra.* And *this, though the creditors* might have had relief in substance the same, though different in form, by a bill to set aside the conveyance for fraud.

If this were a bill seeking to set aside the conveyance in question as a fraud upon creditors, it might be necessary to concede the second ground of demurrer noted above. And it is obvious that the complainant cannot have relief which would involve the court in the inconsistency of at once sustaining the deed as an assignment for the benefit of all the creditors of the grantor and declaring it null and void for all purposes, though, where the bill, as here, is filed on behalf of all creditors, the difference between the two procedures is a difference in method, rather than in results. But the equity of the bill is to be determined upon consideration of the matters of substance averred and the relief prayed.— *Sayre v. Elyton Land Co.,* 73 Ala. 85; *McDonnell v. Finch,* 131 Ala. 85, 31 South. 594. The facts and the prayer for relief considered, we construe this bill as a bill to have the deed declared a general assignment. There is no alternative averment of facts, nor any alternative prayer for relief. On the bill thus framed, no relief will be granted contrary to or out of consonance with its intent and purpose.—*Lehman v. Meyer,* 67 Ala. 396.

We cannot speculate as to the difficulties that may arise when the court comes to the making of a decree on the pleadings and proof. Nor do we need, on the case presented, to consider those difficulties which counsel suggest will issue from the recent amendment of the law, stated in section 3095 of the Code, which reads thus in part: "A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject matter, or founded on the same contract

or transaction, or relating to the same property between the same parties." There may be difficulties in the administration of this statute; for, as this court observed of a case which presented independent, inconsistent, repugnant titles to relief, "if it were confessed, it would be mere matter of speculation and conjecture with the court as to which of the titles should be made the foundation of relief.—*Lehman v. Meyer, supra.* Those difficulties will be disposed of when they cannot with propriety be avoided. Our opinion is that the bill in this case was on demurrer, properly sustained. The decree of the chancellor, overruling the demurrer, is therefore affirmed.

Affirmed. All the Justices concur.