# Heard & Lee, *et al. v.* Heard.

*Bill for an Accounting, and to Declare an Assignment a Mortgage.*

(Decided February 6, 1913.  61 South. 343.)

1. *Mortgages; Interests Subject to; Conditional Sales.*—The instrument executed between the mortgage company and Heard examined and held to be a contract of conditional sale of the property therein mentioned, and hence, Heard acquired such an interest therein as was subject to mortgage.

2. *Same; Contract.*—The endorsement on a conditional contract of sale examined, and held to constitute in equity a mortgage between complainants and defendant of such interest as complainant had in the property therein mentioned.

3. *Same; Equity of Redemption.*—The mortgagor's equity of redemption was not extinguished by the payment by his equitable mortgagees, holding a mortgage on rights under a conditional sale of land to the mortgagor, of the amount owed by the mortgagor to his vendors to entitle him to the land.

4. *Same; Redemption; Laches.*—Where a bill was filed in 1903, by the mortgagor against the mortgagees for equitable relief on the ground of fraud, and such bill was dismissed in 1905, a bill for redemption filed in 1908, was not barred by laches.

5. *Judgment; Conclusiveness; Legal and Equitable Issues.*—A former judgment in unlawful detainer, the suit having been properly converted into a contest of title, did not conclude issues of a purely equitable nature in such sense as to bar a subsequent equitable action for their litigation.

6. *Sales; Damages; Breach.*—The measure of damages for breach of an agreement to deliver personal property at a particular time and place is the market value of such property at such time.

7. *Appeal and Error; Assignments.*—If any of the exceptions to the report of the register were properly overruled an assignment of error as to the overruling of objections and exceptions to a referee's report on reference, and confirming such report is not sustained.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by George Heard against Heard & Lee for reference to ascertain who has paid and how much has been paid by the respondents or either of them as purchase money, and to ascertain the amount of indebtedness between said parties, and to declare an assignment a mortgage. From a decree for complainant, respondents appeal. Affirmed.

The contract referred to in the opinion is as follows: "This contract between the American Freehold Land Mortgage Company of London, Limited, of the first part, and George Heard of the second part, witnesseth: Said party of the first part agreees to lease to the party of the second part a certain piece of land described as follows: [Here follows description of 250 acres of land.] And the party of the second part agrees to pay the sum of $250 on or before Nov. 1, 1895, and do hereby pledge and mortgage for the faithful payment hereof his whole crop of cotton and corn grown and growing

upon said land, for and during said year of 1895. It is further stipulated and agreed that the party of the second part shall have the privilege of making a contract for seven successive years after the present one similar to this contract, in all respects, except as to the amount to be paid as rent, which for the year 1896, shall be $205 [Here follow the amounts for the succeeding six years], and should said party of the second part renew this contract aforesaid for said seven years, and make said payments as stipulated on said land faithfully and truly for the period of eight years successively including the present year, then the party of the first part agrees to sell said land and make a warranty deed conveying the same to said party of the second part, if the said party of the second part desires to purchase the same, for the consideration of one dollar, and the amount of money with legal interest thereon expended in payments pending this contract. This agreement is, however, special and personal between the said parties of the first and second part, or his heirs, and said party of the second part cannot sell this privilege of releasing or purchasing the said land without the consent in writing of the party of the first part endorsed hereon, and it is expressly stipulated that should the party of the second part move off said land, he hereby forfeits and surrenders the privilege of releasing and purchasing as aforesaid."

BULGER & RYLANCE, for appellant. The court was in error in overruling demurrers to the original bill, as complainant's right of redemption came into existence in 1899, and the bill was not filed till 1908.—*Goree v. Clements,* 94 Ala. 337; *Gilmer v. Norris,* 80 Ala. 78; *Norton v. B. A. M. Co.,* 113 Ala. 110. The law requires that he should act with reasonable diligence, and the

bill shows that he has not done so.—*Algood v. Bank,*
115 Ala. 418; *Coleman v. Bank,* 115 Ala. 307.   There
was no agreement for an absolute sale of land, and the
grounds raising this question should have been sustain-
ed.—*Peck v. Ashurst,* 108 Ala. 429; *Homan v. Stewart,*
103 Ala. 644; *Chadwick v. Chadwick,* 121 Ala. 520.
Appellant was not entitled to the relief prayed and the
court erred in making final decree ordering a reference.
—*Woodruff v. Adair,* 131 Ala. 530.   If entitled to re-
deem the right had been lost.—Authorities first cited.
The respondents were entitled to be allowed the highest
market price of the cotton from the time the debt was
due until the reference was held.—*Burke v. Hubbard,*
69 Ala. 379; *Boutwell v. Parker,* 124 Ala. 341.

JAMES W. STROTHER, and THAD H. WATKINS, for ap-
pellee.   A single assignment to the overruling of de-
murrers as a whole is not sustained if any ground of
demurrer was properly overruled.—*Aetna L. I. Co. v.
Lascter,* 153 Ala. 630.   The contract was one of sale,
and must be enforced according to the intention.—
*Davis v. Roberts,* 89 Ala. 402; 16 Am. St. Rep. 298, and
note.   Equity has jurisdiction to declare a deed, abso-
lute on its face, a mortgage, or as a security for a debt,
and this is true whether the deed be executed direct
from the debtor to his creditor, or whether it is pro-
cured to be executed by the debtor from another person
to his creditor for this purpose.—*Turner v. Wilkerson,*
72 Ala. 361; *Hughes v. McKenzie,* 101 Ala. 415; *Glass
v. Hieronymous,* 125 Ala. 148; *Richter v. Nall,* 128 Ala.
198; *Rose v. Gandy,* 137 Ala. 329.   A single assignment
of error covering several rulings of the court is not sus-
tained if any of the rulings were correct.—*Thompson
v. N. C. & St. L.,* 160 Ala. 590; *Mobile County v. Brom-
berg,* 141 Ala. 258.

McCLELLAN, J.—On February 8, 1899, George Heard, the complainant (appellee), was in possession of the lands described in the bill. This possession was under a written contract with the American Freehold Land Mortgage Company, then holding the legal title thereto. The report of the appeal will contain a copy of that instrument. On the aforesaid date, the appellee, being then indebted to Heard & Lee (the appellants), executed to them the following transfer, indorsed on the back of the contract, of his interest and rights in his contract with the mortgage company: "This is to certify that I have this day for value rec'd transferred to Heard & Lee my entire rights and interest invested in me in the within paper and this day do release to the said Heard & Lee all my rights a (as) landlord to the within described real estate." On the same day appellee executed to Heard & Lee an instrument of which the following is the substance: "Know all men by these presents that I, George Heard, have this day transferred to the firm of Heard and Lee my entire interest as landlord to a certain place on which I now live located in Tallapoosa county, state. The consideration of said transfer being a certain indebtedness to the said firm, which I now owe, now in case I, George Heard, paid the said Heard & Lee the amount in full which I now owe them or which I may owe them during the year 1899, in that event the said transfer of my rights as landlord this day transferred to said Heard & Lee shall be null and void, and this contract they now hold shall be delivered to me, George Heard. In case I, George Heard, shall fail to pay the said Heard & Lee the indebtedness as above mentioned or any part of same in that event the transfer of my rights of landlord shall remain in full force and effect." The transfer of the contract with the mortgage company appears to

have been recognized by that company's agent on February 10, 1899. On February 8, 1899, appellee rented the lands in question for the year 1899 from Heard & Lee. Appellee failed to pay the indebtedness as stipulated, whereupon appellee was ejected from the posssssion of the lands in suit. In 1902 the mortgage company conveyed to Heard & Lee the lands described in its contract with George Heard. Prior to the institution of this cause George Heard sought relief in equity on the theory that the transfer stated was procured by fraud. Relief was denied; the chancellor suggesting in his opinion that George Heard's remedy was by bill to protect and enforce his rights as a mortgagor to Heard & Lee as mortgagees. The present bill proceeded on that theory, praying an accounting between the parties and redemption of the lands.

The equity of the bill is undoubted. While the contract between George Heard and the mortgage company was phrased as for a leasing, yet its whole tenor—with particular reference to the right assured Heard to take title by a nominal payment plus the taxes, provided he had annually paid the sum stipulated as for rent—shows the engagement to have been one of conditional, contingent, purchase and sale. The interest with which George Heard became invested under the contract was such as could be made the subject of mortgage.—1 Jones on Mortg. § 136.

In equity the transaction between appellee and appellants of February 8, 1899, was as the learned chancellor pointed out in his deliverance in the former cause one of mortgage—a securing of a then subsisting and a later to be incurred indebtedness by Heard to Heard & Lee. There has been, when this bill was filed, no enforcement of their rights as mortgagees.

In this state of relation between the parties and to the lands in question, the act of Heard & Lee in paying off the mortgage company and taking title in their own names did not extinguish the equitable rights of George Heard—among which was his equity of redemption.

The former bill was filed in 1903, and dismissed in 1905. This bill was filed in 1908. The equity of redemption was not then barred. We do not think the appellee can be concluded by laches. The demurrers were properly overruled.

.The unreversed judgment in the unlawful detainer suit (converted into a contest of title in the circuit court by the invocation of the statutes [Code, § 4283-5]) did not conclude the matters and issues of a purely equitable nature, upon which equity's jurisdiction is invoked by this bill.—*Harper v. Campbell*, 102 Ala. 342, 14 South. 650. The special plea filed September 18, 1908, to that effect, was hence without merit or avail.

The appellants question the court's ruling on their exceptions to the report of the register in this manner only: "The court erred in overruling respondents' objections and exceptions in (to) the register's report on reference and confirming said report." Under such an assignment, if any of the exceptions to the report were properly overruled, the appellants can take nothing thereby. Such is the established rule as to like assignments assailing rulings on two or more pleas.—*Thompson v. N. C. & St. L. R. R. Co.*, 160 Ala. 590, 49 South. 340, among others. The reason and necessity of the rule is emphasized when matters of extended accounting on a reference before the register are the real subjects of complaint in this court. Not all (if any) of the exceptions to the register's report in this cause are well taken.

[Cruise, et al. v. Sorrell.]

The first one is that the appellee should have been charged for undelivered lint.cotton at the highest market value thereof between the time it should have been delivered and the date of the reference. Such is upon proper occasion the rule in cases of conversion. But, where the engagement unobserved is to deliver a certain article at a particular time and place, the measure of the damages is the market value thereof at that time.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.