[Sewell v. Peavey, et al.]

# Sewell *v.* Peavey, *et al.*

## *Bill for Specific Performance.*

### (Decided June 4, 1914.  65 South. 803.)

1. *Appeal and Error; Review; Presentation Below.*—Defects in the form of a bill will not be considered on appeal where not pointed out by demurrer.

2. *Vendor and Purchaser; Payment; Default.*—Where a vendor accepts a payment past due, he thereby waives the default and cannot thereafter refuse to perform because the payments were not made in time.

3. *Specific Performance; Vendee in Possession; Delay.*—A vendee in possession of land may indefinitely delay filing a bill against a vendor for specific performance, the burden of action being upon the latter; under such circumstances limitation, laches and prescription run in favor of the vendee and against the vendor.

4. *Same; Presumption; Character of Occupation.*—The rule that a bill must be construed against a pleader does not require the court to assume the existence of defensive matter, as that complainant's possession under the contract has since been converted into a contract of tenancy, and is not longer the relation of vendor and purchaser.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by M. A. E. Peavey and others against N. B. Sewell, to specifically perform.  From a decree overruling demurrer to the bill, complainants appeal.  Affirmed.

The bill alleges briefly the making of a bond for title by Sewell to complainant to certain land described in the bill and in the bond attached upon complainants executing to defendant three promissory notes, aggregating $519.26; that complainants executed the notes and respondent executed bond for title to convey the land in fee simply with general warranty, and respondent put complainants in the actual possession of said land, and they have been in possession ever since, and are still in possession.  The bill avers payment in full of the notes

when due, and has requested respondent to make and deliver proper deeds, and that he declines to do so on the ground that there is some yet due, and that the bond is out of date; the bond is dated April 15, 1898, and the bill was filed December 8, 1913. The demurrers raise the question discussed in the opinon.

WILLIAM H. & J. R. THOMAS and J. A. HOLMES, for appellant. The bill does not allege that the sum named as paid was paid when due or that it was paid in accordance with the contract, as is required in bills for specific performance.—*Pinkston v. Boykin*, 130 Ala. 438; *Overton v. Moseley*, 135 Ala. 599; *McDonald v. Mobile L. I. Co.*, 46 Ala. 468; Sims. Ch. Pr. §§ 189 and 205. No excuse is rendered in the bill for the laches of the complaint.—*Tombigbee V. R. Co. v. Fairford L. Co.*, 155 Ala. 575.

C. E. O. TIMMERMAN and FRANK W. LULL, for appellee. Matters not taken advantage of in the lower court which go to the form of a bill cannot be considered on appeal. The bill was sufficient.—Sim's Ch. Pr. § 206; *Peck v. Ashurst*, 108 Ala. 429; *Ross v. Parks*, 93 Ala. 153; *Clemmons v. Cox*, 114 Ala. 350; *Carlisle v. Carlisle*, 77 Ala. 339.

SAYRE, J.—Appellant in brief points out some defects in the form of the bill which need not be considered, since they were not pointed out by the demurrer.

The bill, which seeks to have a deed executed in pursuance of the contract between the parties, avers payment of the agreed purchase price. Appellant seems to urge that the bill should allege payment precisely when due, not later. But if appellant accepted payment when past due, he waived the default, and must

now execute the consideration upon which the payment was made and accepted. This is plain equity.

If complainant have been in possession all the while, as they allege the case to be, they might, without conceivable hurt or wrong to defendant, defer their bill indefinitely. Nor could their delay, in these circumstances, be construed as an abandonment of their right to have the legal title. Complainants being in possession, limitation, laches, and prescription were running in their favor and against defendant. The burden of action was on defendant.

The rule that the bill must be construed against the pleader does not require the court to assume the existence of defensive matter, as, for example, that the possession into which complainants were let at the time of the contract, and presumptively in pursuance of the contract, has been since converted by another and different agreement into a tenancy.

The bill has equity, and is thus proof against the general demurrer. We do not find that it is open to any special objection taken by the demurrer, and the chancellor's decree will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.