(87 South. 372)

## W. T. RAWLEIGH CO. v. TIMMERMAN et al. (5 Div. 776.)

(Supreme Court of Alabama. Dec. 16, 1920. Rehearing Denied Jan. 20, 1921.)

**1. Attorney and client** ⬤⇒182(4)—**Champerty and maintenance** ⬤⇒5(6)—**Statute does not impress lien on real estate recovered.**

Code 1907, § 3011, does not impress an attorney's lien on real estate recovered or made the subject of litigation, but does not forbid a contract with or payment to their attorneys of a reasonable sum for professional services rendered by such attorneys in the recovery of the land, or the perfection of title, and they may do this by conveyance or contract for lien on the land recovered, unless forbidden by some other statute.

**2. Fraudulent conveyances** ⬤⇒127—**Attorney held to have lien on land conveyed to him.**

Where attorney brought suit for the recovery or perfection of title to land under an express contract with the client that the client would execute a deed to a certain parcel of the land as compensation for professional services, the attorney had a lien on such parcel of land, and a full compliance with the contract by conveyance of the land at its real value to the attorney was not a general assignment of the property within the purview of Code 1907, § 4295, and the rights of the attorneys were prior to a judgment obtained against the client between the time of the making of the contract and the conveyance of the land.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Bill by the W. T. Rawleigh Company, a corporation, against Frank W. Lull and C. E. O. Timmerman, to enforce judgment lien against the grantor of respondents and to settle the equities of the party by cancellation of the conveyance from the judgment debtor to the respondent and for general relief. From a decree denying the relief and dismissing the bill, complainant appeals. Affirmed.

Lawrence F. Gerald, of Clanton, and F. B. Collier, of Yreka, Cal., for appellant.

The court erred in holding that, in arriving at the value of the homestead, the value of the entire interest is to be considered, and not merely the value of the interest of the debtor, Peavy. Section 4160, Code 1907; 91 Ala. 353, 8 South. 546; 87 Ala. 729, 6 South. 383; 108 Ala. 486, 18 South. 537; 87 Ala. 729, 6 South. 383. The contract was void

and unenforceable, because against public policy. 59 Ala. 400.

C. E. O. Timmerman, of Prattville, for appellees.

Complainants cannot take advantage of the inequality of the contract. 3 Mayfield's Dig. 827. The contract was not void. 59 Ala. 581, 31 Am. Rep. 23. The decision of the court should be upheld. Section 4295, Code 1907; 58 Ala. 502, 29 Am. Rep. 779; 138 Ala. 284, 36 South. 376; 176 Ala. 376, 58 South. 309.

THOMAS, J. Complainant obtained a judgment against S. M. Peavey in the circuit court on July 17, 1916, which was recorded in the office of the judge of probate on October 5, 1916.

On September 27, 1916, S. M. Peavey and wife, joint owners, conveyed by warranty deed the land embraced in the bill to their attorneys, C. E. O. Timmerman and Frank W. Lull, in payment of services rendered by them in a suit for the recovery or perfection of title to the land conveyed, and the 160 acres of other land occupied by Mrs. Peavey and her children as a homestead. The reasonable value of the services rendered by said attorneys, through a prolonged litigation (extending from 1913 to November, 1916), establishing the joint interest of Mr. and Mrs. Peavey to said lands, is shown by the evidence. The respective appeals in that cause are reported in Sewell v. Peavey, 187 Ala. 322, 65 South. 803, and 198 Ala. 701, 73 South. 1002.

[1] The priority of an attorney's lien on the suit, judgment, or proceeds thereof has been declared by this court in construction of Code, § 3011 (Gulf States Steel Co. v. Justice, 87 South. 211;[1] Denson v. Ala. Fuel & Iron Co., 198 Ala. 383, 73 South. 525; Harton v. Amason, 195 Ala. 594, 71 South. 180; Higley v. White, 102 Ala. 604, 15 South. 141), and that such lien may not be impressed, by the statute, on real estate recovered or made the subject of the litigation (Hale v. Tyson, 202 Ala. 107, 79 South. 499). It is apparent that respondents may not found their superior right on this statute. However, there is nothing in the statute, relative to attorney's lien and its construction by this court, that would forbid the contract with or payment by the Peaveys to their attorneys for the amount of the just and reasonable sum due for professional services rendered by such attorneys in the recovery of the lands or the perfection of the grantors' title thereto. They may do this by conveyance or contract for lien on the land recovered, provided such contract or conveyance was not forbidden by another statute, to which we will advert. So much of the bona fides or justice of the claim or lien of respondents Lull and Timmerman

for compensation or as payment for their reasonable attorney's fees for professional services rendered the Peaveys in preservation to them of this and other real property the subject of the instant suit by a creditor of S. M. Peavey.

The agreement of counsel in instant suit, touching complainant's judgment, shows that there was no statutory lien in favor of such creditor, on S. M. Peavey's interest in the land, when the deed was executed and delivered by the Peaveys conveying to Frank W. Lull and C. E. O. Timmerman, bearing date September 27, 1916, duly acknowledged and recorded on the same day in the office of the judge of probate of the county embracing said lands.

[2] We may then inquire whether respondents had an equity (mortgage claim or lien) on the land, pending Peavey's litigation with Sewell, which would have been recognized in a court of chancery before the conveyance, and whether, after the execution of the deed, their title was such as prevented the application of the provisions of Code, § 4295, on behalf of creditors in a bill seeking relief, as prayed thereunder. Hard v. Amer. Trust & Sav. Bank, 200 Ala. 264, 76 South. 30; Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 South. 139; Baker v. Gate City Coffin Co., 203 Ala. 6, 81 South. 674. It is pertinent to note that in the answer of respondents it is averred that the suit by the Peaveys against Sewell was brought by respondent, said attorney, "under an express contract with said S. M. Peavey that he and his wife, N. E. A. Peavey," would execute a deed to the land described in the bill (south half of fractional section 23, township 20, range 17) as compensation for his professional services in said suit; that the suit was instituted by that attorney pursuant to such contract of employment against N. B. Sewell on or about December 8, 1913, and was concluded on November 7, 1916; said S. M. Peavey and wife had theretofore, on the 27th day of September, 1916, executed a deed to the land in question, in said section 23, to respondents in full compensation for services in and about said suit between Peavey and Sewell, "which had not at that time terminated, and * * * said deed was made in keeping with and to carry out an agreement entered into by them with respondent Timmerman prior to the commencement of said suit with [against] N. B. Sewell, and about the 8th day of December, 1913." This averment was sufficient to show the equity of respondents, acquired and attaching to the subject-matter of the suit (between the Peaveys and Sewell, under the contract that procured respondents' professional services, necessary and resulting in preserving and perfecting the title to the land to and in the Peaveys) before and to the time of the execution of the conveyance. This claim or lien antedated the existence of the claim of complainants (so far as the bill avers), and was anterior to the debt or claim of any other creditor of S. M. Peavey in whose behalf the bill is filed.

Such being the effect, in equity, of respondents (Lull & Timmerman) contract right in the land during the pendency of the former litigation and anterior to the execution and delivery of the deed, a full compliance of the contract by conveyance of the property at its real value to the Peaveys' attorneys was not a general assignment of S. M. Peavey's property within the purview of section 4295 of the Code. That section is as follows:

"Every general assignment made by a debtor, or a conveyance by a debtor, of substantially all of his property subject to execution in payment of a prior debt, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be and inure to the benefit of all the creditors of the grantor equally; but this section shall not apply to or embrace mortgages or pledges or pawns given to secure a debt contracted contemporaneously with the execution of the mortgage or pledge or pawn, and for the security of which the mortgage or pledge or pawn was given. A general assignment within the meaning of this section shall include, in addition to the conveyances now defined as such by law, every judgment confessed, attachment procured by a debtor, or other disposition of property by which a debtor conveys all or substantially all of his property subject to execution, in payment of, or as the security for a prior debt, or charges such property with the payment of such debt."

The statute allows a debtor to mortgage, pledge, or pawn all of his property to secure a debt contracted contemporaneously with the security. Such was the effect of the contract—of the equitable claim, mortgage, or interest with which respondents were invested by the contract, in the first instance; and the investment of respondents with the legal title to the land in question, pursuant to contract at its fair or reasonable market value, did not operate as a fraud on creditors or offend the provisions of section 4295 of the Code. Perry Ins. & Trust Co. v. Foster, 58 Ala. 502, 29 Am. Rep. 779; Smith v. McCadden & McElwee, 138 Ala. 284, 36 South. 376; Elliott v. Kyle, 176 Ala. 376, 58 South. 309.

On the general subject of equitable titles, in 3 Pom. Eq. Jur. (14th Ed.) §§ 1235, 1236, the doctrine is stated to apply to every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, identified or described, "a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his heirs,

administrators, executors, voluntary assignees, and purchasers or incumbrancers with notice"; that the doctrine is made to apply to properties not yet in being at the time the contract is made. See, also, a discussion of equitable liens and mortgages in 3 Story's Equity Jurisprudence (14th Ed.) § 1366. Many authorities, state and federal, are cited in support of the text, of which are Barnes v. Alexander, 232 U. S. 117, 34 Sup. Ct. 276, 58 L. Ed. 530, where an agreement to pay, for professional services to be rendered by attorneys, one-third of the contingent fee was held to create a lien on the fund. That suit was for an account of property received in settlement of certain mining suits and for recovery of one-fourth of the sum. Mr. Justice Holmes said:

"The obligation of Barnes was as definitely limited to payment out of the fund as if the limitation had been stated in words, and therefore creates a lien upon the principle not only of Wylie v. Coxe, supra, 15 How. 415, but of Ingersoll v. Coram, 211 U. S. 335, 365–368, which cites it and later cases. See, further, to the same point, Burn v. Carvalho, 4 My. & Cr. 690, 702, 703; Rodick v. Gandell, 1 De G., M. & G. 763, 777, 778; Harwood v. La Grange, 137 N. Y. 538, 540. It is suggested that there is an American doctrine opposed to that which is established in England. We know of no such opposition. There is or ought to be but one rule; that suggested by plain good sense."

As applied to the right of Lull and Timmerman, the foregoing is dependent on the fact that, pursuant to the executory contract between the Peaveys and their attorneys conducting their suit against Sewell for the establishment of their title to the lands in question, an equitable claim was created before the conveyance in question. The evidence of Mr. Timmerman was to this effect— that the contract had been given expression in letters written by the Peaveys to him, and which was merged in the deed of September 27, 1916. This testimony was in no wise contradicted by complainant's evidence, and was well supported by the testimony of Mr. Peavey.

In Woodruff v. Adair, 131 Ala. 530, 545, 32 South. 515, 519, our court said of the formality necessary to constitute an equitable claim or mortgage that—

" 'There are many kinds of equitable mortgages as there are variety of ways in which parties may contract for security by pledging some interest in lands. Whatever the form of the contract may be, if it is intended thereby to create a security, it is an equitable mortgage; that is, of course, if it is not a legal mortgage.' Hall v. M. & M. R. R. Co., 58 Ala. 10, 22. 'If the transaction resolve itself into a security, whatever may be its form, it is in equity a mortgage lien.' "

Many phases of the interesting subject of equitable claims or mortgages on lands have been dealt with in our cases: Donald & Co. v. Hewitt, 33 Ala. 534, 73 Am. Dec. 431, a mechanic's lien on a steamboat was enforced as equitable mortgage, and this case was cited with approval in Stegall-Cheairs F. Co. v. Bethune Mule Co., 181 Ala. 250, 61 South. 274; Hall v. M. & M. R. R. Co., 58 Ala. 10, 22, a vendor's equitable lien was enforced; Nelson v. Kelly, 91 Ala. 569, 8 South. 690, equitable lien enforced in favor of him who advanced purchase money under contract for lien; Hughes v. McKenzie, 101 Ala. 415, 13 South. 609; Moseley v. Moseley, 86 Ala. 289, 5 South. 732, for the balance of purchase money; Sims v. Gaines, 64 Ala. 392; Newlin v. McAfee, 64 Ala. 357, declaring deeds security for debt; Conner v. Banks, 18 Ala. 42, 52 Am. Dec. 209, bond conditional to make title on payment of purchase money in equity, held in nature of mortgage; Butts v. Broughton, 72 Ala. 294; Lowery v. Peterson, 75 Ala. 109; Bankhead v. Owen, 60 Ala. 457, equitable lien of transfer of purchase-money note dealt with; Smith v. Hiles-Carver Co., 107 Ala. 272, 18 South. 37, where lands were exchanged, note given reciting the vendor's lien on one of the tracts, held equitable lien on land; in Putnam v. Summerlin, 168 Ala. 390, 53 South. 101, the conveyance recited the purchase price had not been paid and a lien was reserved; Courtner v. Etheredge, 149 Ala. 78, 43 South. 368, Jackson v. Rutherford, 73 Ala. 155, and Bank of Florala v. Smith, 11 Ala. App. 358, 66 South. 832, mortgages insufficient at law, held sufficient in equity; Heard v. Heard, 181 Ala. 230, 61 South. 343, conditional sales contract indorsed, upheld as mortgage; Hays v. Hall, 4 Port. 374, 30 Am. Dec. 530, specific execution of contract respecting land decree, no rights of third parties intervening; Oden v. Vaughn, 85 South. 779; [2] Boyett v. Hahn, 197 Ala. 439, 73 South. 79, no method being provided by contract for enforcement of lien, same was enforced in equity.

Such analogies would support the equitable interest of Lull and Timmerman during the Peavey-Sewell litigation antedating and culminating in their absolute conveyance by Peavey and wife of the lands at their fair market value and for the amount of their reasonable professional services rendered. That contract and its execution by the conveyance was within the letter and spirit of the statute, providing that it "shall not apply to, or embrace mortgages or pledges or pawns, given to secure a debt contracted contemporaneously with the execution of the mortgage or pledge or pawn, and for the security of which the mortgage or pledge or pawn was given," and was not a disposition of property by which a debtor conveyed "substantially all of his property subject to execution in payment of a prior debt," by which

[2] 204 Ala. 445.

a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, and that inured to the benefit of all the creditors of the grantors equally.

The conclusion of fact in favor of respondents, as the reason on which the decree is rested, dismissing the bill and taxing complainants with the costs of the suit, is supported by the foregoing, and is conclusive of the correctness of the decree of the circuit court in equity, as prayed for in the instant bill. We may add that we have examined the evidence and are of the opinion that its preponderance supports the finding of fact that before and at the time of making the deed S. M. Peavey had separated from his wife and "gone off to live elsewhere with his son, leaving his wife in possession of the place," the homestead; that the Peaveys were entitled to a homestead, consisting of the house formerly occupied by Peavey and wife and occupied by Mrs. Peavey at the time of the conveyance, and a sufficient amount of adjacent land to bring the area and value within statutory requirements. However this may be, for the foregoing controlling reasons the decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.