ERNEST A. L'ECLUSE, Respondent, Appellant, v. THYRZA BENSON FLAGG FOWLER, and BROOKLYN TRUST COMPANY and R. STUYVESANT PIERREPONT, Trustees under the Last Will and Testament of MARY BENSON, Deceased, Appellants, Respondents, and Others, Defendants.— In an action to recover the amount agreed to be paid to plaintiff by defendants and the reasonable value of services rendered, being five per cent of the amount of the award to the defendants for lands appropriated by the State, judgment in plaintiff's favor for $27,445.96 modified by increasing the same to $38,031.84 and as so modified affirmed, with costs to plaintiff. We are of opinion that in view of the jury's verdict in favor of the plaintiff, the latter was entitled to recover five per cent of $801,632.51, which is $40,081.63, less $2,500, being the amount paid on account, or $37,581.63; that the plaintiff is entitled to interest on said amount from May 22, 1935, the date of the verdict, to July 6, 1935, the date of the judgment, in the amount of $281.86, besides costs in the amount of $168.35, making a total judgment as of July 6, 1935, of $38,031.84. (Matter of Bassford v. Johnson, 172 N. Y. 488.) Order dated July 29, 1935, in so far as appealed from by defendants Fowler, Brooklyn Trust Company and Pierrepont affirmed, without costs. Lazansky, P. J., Young and Carswell, JJ., concur; Hagarty, J., concurs for affirmance of the order dated July 29, 1935, but votes to modify the judgment by deducting therefrom the difference between the amount as computed and the amount which would be computed on the award without interest, but with interest from the time the award was made.

Taylor, J., concurs for affirmance of the order of July 29, 1935, but dissents from the modification of the judgment and votes to reverse the judgment and to dismiss the complaint upon the merits, with costs to defendants-appellants in the trial court. The correspondence between the plaintiff and Hite, and particularly the letter of plaintiff dated January 22, 1930 (Exhibit H), in response to Hite's letter to plaintiff of the same date (Exhibit G), negatives the pleaded claim of the plaintiff in each of its phases as a matter of law. The evidence is wholly insufficient legally to support plaintiff's recovery. (*Matter of Case*, 214 N. Y. 199, 203.) Insufficient evidence is, in the eye of the law, no evidence. (Id.)