(81 South. 188)

## FARRELL v. BETTS & BETTS.
### (8 Div. 558.)

(Court of Appeals of Alabama. Dec. 17, 1918. Rehearing Denied Jan. 14, 1919.)

1. DIVORCE  ◎⇒255 — DECREE — CONCLUSIVE- . NESS—ATTORNEY'S FEE.

Attorneys for wife, cross-complainant in, divorce suit, are not precluded by the decree in such suit from claiming from the wife as compensation for services more than the allowance of court for attorneys' fees, the attorneys not being parties to the suit.

2. DIVORCE  ◎⇒221—ALIMONY.

Allowance for attorneys' fees given wife by divorce decree is made as part of the alimony, and not to or for the benefit of her solicitors.

3. CHAMPERTY AND MAINTENANCE  ◎⇒5(1)— DIVORCE SUIT—AGREEMENT TO PAY ATTORNEYS PART OF ALLOWANCE.

Agreement between wife cross-complainant in divorce suit and her attorneys, whereby the attorneys are to receive a part of the allowance made as alimony and attorneys' fees as compensation for their services, is champertous and void.

4. CHAMPERTY AND MAINTENANCE  ◎⇒5(8)— EFFECT—QUANTUM MERUIT.

Where contract between attorney and client is void because champertous, attorney may recover his compensation on quantum meruit.

5. CHAMPERTY AND MAINTENANCE  ◎⇒5(1)— AGREEMENT BETWEEN ATTORNEY AND CLIENT—REASONABLE COMPENSATION.

Agreement by wife, cross-complainant in divorce action, to pay her attorneys a reasonable compensation for their services, is not champertous because in absence of such an agreement the law would imply a contract on her part to pay them a reasonable fee for their services.

6. ATTORNEY AND CLIENT  ◎⇒128—ACTION FOR ALIMONY COLLECTED—BURDEN OF PROOF—SETTLEMENT.

In action to recover alimony collected and retained by defendants who were attorneys for plaintiff in. a divorce suit, where defense was an accord and satisfaction, defendants had the burden of proving that the amount retained was a fair and just remuneration for services rendered.

7. ATTORNEY AND CLIENT  ◎⇒128—ACTION BY CLIENT FOR ALIMONY COLLECTED—SUFFICIENCY OF EVIDENCE.

In action against attorneys to recover alimony collected for plaintiff, evidence *held* to show that the amount retained by defendants

was a fair and just remuneration for services rendered.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by Lucy Mitchell Farrell against Betts & Betts. Judgment for defendant, and plaintiff appeals. Affirmed.

Action on the common counts by appellant against the appellees for money had and received. The defendants pleaded the general issue in short by consent, with leave to give in evidence any facts that would constitute a defense to the action. The facts, as developed on the trial, with reference to which the evidence is not in conflict, are that the defendants are lawyers, and were employed by the plaintiff to represent her in a divorce suit in the chancery court of Madison county, brought by the plaintiff's husband against her, and in which the defendants in the prosecution of their employment filed an answer and cross-bill for and on behalf of the plaintiff, contesting the right of the complainant to the relief sought and seeking for her a divorce and alimony. The proceedings in the chancery court were prosecuted to a final decree, dismissing the original bill and granting the relief prayed for in 'the cross-bill, granting to the plaintiff a divorce from her husband and decreeing an allowance of $1,200 as alimony and $100 as solicitors' fees; it being shown that the amount of the solicitors' fees was fixed by agreement of parties made through their respective solicitors.

From the final decree of the chancery court an appeal was prosecuted to the Supreme Court, and on this appeal the defendants represented the plaintiff here, the appeal resulting in an affirmance of the decree of the chancery court. Farrell v. Farrell, 196 Ala. 167, 71 South. 661. It further appears that the plaintiff, through her solicitors, after the appeal to the Supreme Court had been perfected, made application to the chancellor for a further allowance as solicitors' fees for the prosecution of the appeal. The petition in respect thereto was dismissed on the ground that the chancellor was without authority to grant further relief in this respect pending the appeal. Thereupon the plaintiff, through her solicitors, applied to the Supreme Court for a mandamus to compel the granting of the petition for additional solicitors' fees. This mandamus was denied. Ex parte Farrell, 196 Ala. 434, 71 South. 462, L. R. A. 1916F, 1257.

It was also shown that the plaintiff, before she employed the defendants to represent her, agreed to accept $100 as alimony, which sum was paid to her, and she executed a release to her husband from further liability. During the pendency of the litigation, the plaintiff authorized her solicitors (the defendants) to settle the amount of alimony that she was to receive for $500; and, upon this proposition being submitted to the complainant's solicitors, such settlement was refused on the ground that the plaintiff had already settled this feature of the litigation, and had released the complainant in the chancery proceeding from further liability.

The suit was stubbornly contested to its final determination, a great deal of testimony being taken and some expense occasioned, which the defendants paid out of their own pockets, and at the same time they advanced to the plaintiff small sums of money, and also rendered to her other legal services, in the collection of a small claim for insurance, and in the settlement of a controversy with reference to the rental of some property.

The amount of the expense incident to the prosecution of the plaintiff's cause appears from the evidence to have been from $75 to $100, and the amount advanced to her by one of the defendants was from $25 to $29. The defendants collected the amount of the decree, $1,347.62, which included the interest, and paid to the plaintiff the sum of $800, the plaintiff at the time the payment was made executing a receipt in full to the defendants for their liability. The evidence shows without dispute that there was no agreement or understanding between the plaintiff and the defendants as to what amount of compensation the defendants should receive for their services, it being shown that the plaintiff stated to them that she was without means, and was unable to pay them at the time, and evidence was offered by the defendants, showing that the plaintiff stated that they should be compensated out of the amount recovered. The defendants offered a number of competent witnesses, whose testimony was received over the objection of the plaintiff, showing that the amount retained by the defendants, considering the character of the services rendered, the expense incident thereto, and the result of the litigation, was not in excess of a reasonable fee for such services. The plaintiff testified in her own behalf that she was not advised by the defendants as to the amount of the decree at the time she received the check and executed the receipt, testifying that she knew nothing of the amount of interest collected, and contending that she was entitled to the full amount of the alimony allowed her. The defendants, on the other hand, both testified that she was a daily visitor at their office from the time the litigation started until it was concluded; that she was fully advised as to every step in it, and as to every item of the decree that was collected; that she fully understood and readily agreed to the settlement, and expressed herself as thoroughly satisfied with the result.

The trial was before the court without the intervention of a jury, and on the introduction of the evidence a judgment was rendered

in favor of the defendants, and from that judgment this appeal is prosecuted.

Charles T. Grimmett, of Huntsville, for appellant.

Lanier & Pride, of Huntsville, for appellee.

BROWN, P. J. [1, 2] The appellant's contention that the amount of the defendants' compensation for services rendered in the divorce suit was determined by the decree of the chancery court, and that they are precluded from claiming more than was there allowed, and therefore that the evidence relative to the question as to whether the amount retained out of the proceeds of the decree by the defendants was in excess of the reasonable value of the services rendered is not well grounded. The defendants were not parties to that suit, and the allowance was made to plaintiff as a part of her alimony, and not to or for the benefit of her solicitors. Rast v. Rast, 113 Ala. 319, 21 South. 34; Johnson v. Johnson, 195 Ala. 641, 71 South. 415.

[3, 4] There was no agreement between the plaintiff and the defendants that they should receive any part of the allowance made as alimony and attorneys' fees as compensation for their services; and, if such agreement had existed, it would be pronounced champertous and void (Brindley v. Brindley, 121 Ala. 429, 25 South. 751), and the defendants would be remitted to the alternative of an amicable settlement or seeking a recovery on the quantum meruit (Holloway v. Lowe, 1 Ala. 246).

[5] Moreover, the evidence shows without dispute that the defendant rendered other services after the allowance was made, not within the contemplation of the parties when the amount of the allowance as attorneys' fees was agreed on between the parties to the divorce suit. An agreement between the plaintiff and the defendant to the effect that she would pay the defendants a reasonable compensation for their services in the divorce suit would not be a champertous agreement because in the absence of such an agreement the law would imply a contract on her part to pay them a reasonable fee for their services. Wood v. Brewer, 66 Ala. 570; A. G. S. v. Hill, 76 Ala. 303; McFarland v. Dawson, 128 Ala. 561, 29 South. 327.

[6] On the issue of accord and satisfaction, the plaintiff's testimony tended to show that the defendants, without fully disclosing to her the amount collected on the decree, induced her to accept the check for $800 and sign a release or receipt in full. This settlement was made during the existence of the relation of attorney and client between the plaintiff and the defendants, and this fact imposed upon the defendants the burden of showing that the amount retained by them out of the proceeds of the decree was no more than a fair and just remuneration for the services rendered. Dickinson v. Bradford, 59 Ala. 581, 31 Am. Rep. 23; White v. Tolliver, 110 Ala. 307, 20 South. 97; Kidd v. Williams, 132 Ala. 143, 31 South. 458, 56 L. R. A. 879.

The defendants not only offered evidence tending to controvert the facts testified to by the plaintiff with respect to withholding from her the amount of the collection and tending to show that she was fully advised with respect thereto when settlement was made, and thereafter expressed her full satisfaction with the result, but also offered abundant evidence that the amount which they retained was no more than a fair and just compensation for the services rendered. The plaintiff saw fit to rest her case on the legal questions presented, and offered no proof as to the reasonableness of the fee retained out of the proceeds of the decree by the defendants.

[7] The issue as thus presented was of fact, and, after a careful consideration of the evidence, we hold that the defendants met fully the burden of proof resting upon them. This disposes of all the questions presented by the record, and, no error appearing therein, the judgment will be affirmed.

Affirmed.