(97 South. 129)

WADE v. KAY.   (6 Div. 905.)

(Supreme Court of Alabama.   June 30, 1923.)

1. Evidence ⊜➣43(2)—Trial court takes judicial notice of record of case in main proceeding.

Though a petition for allowance of solicitor's fee for services rendered and to establish a lien therefor under Code 1907, § 3011, did not allege that a decree had been rendered in the main action, the trial court was bound to know that the decree had, in fact, been rendered, and to rule on a demurrer in the light of that knowledge.

2. Evidence ⊜➣43(2)—Supreme Court takes judicial notice of record on former appeal and result of appeal.

The Supreme Court will take judicial notice of the record in a former appeal of a case and of the result of such appeal.

3. Equity ⊜➣20—Liens held enforceable in courts of equity.

Courts of equity have a general jurisdiction to enforce common-law liens and statutory liens where the statute does not expressly provide for their enforcement, and under Code 1907, § 4829, any lien may be enforced in equity.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Petition of James Kay for allowance of solicitor's fee for services rendered to Celia E. Wade in the cause of Celia E. Wade v. George L. Wade and others and establishment of a lien therefor on her distributive share of the estate of E. L. Wade, deceased. From a decree overruling demurrers to the petition, respondent appeals. Affirmed.

Ward, Nash & Fendley, of Oneonta, for appellant.

Appellee's claim does not come within the purview of section 3011 of the Code of 1907. Graham v. Graham, 207 Ala. 648, 93 South. 660; Blount County Bank v. Kay, 209 Ala. 74, 95 South. 297.

James Kay, of Oneonta, for appellee.

Courts have jurisdiction to protect the rights of attorneys in causes pending therein. Code 1907, § 3011 (2); Lowery v. I. C. R. R., 195 Ala. 144, 69 South. 954; Fuller v. Lanett Bleaching Co., 186 Ala. 117, 65 South. 61; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 South. 211; Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 South. 525. The chancery court, having jurisdiction of the subject-matter and the parties to the suit, would have jurisdiction of all matters growing out of the litigation. Code 1907, § 3052; Wimberly v. Mayberry, 94 Ala. 257, 10 South. 157, 14 L. R. A. 305; Wells v. Mortgage Co., 123 Ala. 420, 26 South. 301.

SOMERVILLE, J. [1] Section 3011 of the Code gives a lien to attorneys on "suits, judgments, and decrees for money," for services rendered in reference thereto. Though the lien is given on suits as well as judgments and decrees it is clear that there can be no enforcement of such a lien until the suit has been prosecuted to judgment.

The petition here exhibited is but an appendage to the main proceeding—the administration of an estate; and though it does not allege that a decree had been rendered in that proceeding allotting to petitioner's client what she was due to receive from the estate,

---

⊜➣For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the trial court had before it the entire record in the case, and was bound to know that such a decree had, in fact, been rendered, and was bound to decree upon the demurrer to this petition in the light of that knowledge.

[2] This court knows of the existence and the terms of that decree by the inspection of its own records in the case of Blount County Bk., as Adm'r of the Estate of Wade v. Kay (Ala. Sup.) 95 South. 297,[1] involving this same administration wherein the final decree of the administering court is pertinently set forth. Ala. City, etc., Co. v. Bates, 155 Ala. 347, 46 South. 776.

The decree directs the administrator to pay:

"A. All costs and expenses of the administration of said estate, together with all legal liabilities, * * * together with $2,000, to be paid to Mrs. C. E. Wade [the respondent herein] in lieu of the homestead, and to Mrs. C. E. Wade $100, balance due her on her personal property exemptions, and together with $250, * * * to refund her for monies paid by her on debts of the decedent."

The decree also gives to Mrs. Wade a distributive share in the balance of the estate.

[3] Courts of equity have a general jurisdiction for the enforcement of common-law liens, and also of statutory liens when the statute does not otherwise expressly provide for their enforcement. Evans v. Silvey & Co., 144 Ala. 398, 42 South. 63; Wynn v. Tallapoosa County Bk., 168 Ala. 469, 53 South. 228. Moreover, section 4829 of the Code provides that any lien may be enforced in equity.

The petition exhibited a valid lien enforceable in equity, and was not subject to any of the grounds of demurrer assigned. It results that the decree overruling the demurrer is free from error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.