(108 So. 738)

## ALBRIGHT v. W. D. WOOD LUMBER CO.
### (6 Div. 682.)

(Supreme Court of Alabama. May 27, 1926.)

**1. Attorney and client $\Longleftarrow$ 175.**

Mere general debt due attorney is not foundation for lien.

**2. Attorney and client $\Longleftarrow$ 175.**

Foreclosure proceeding under power of sale *held* not "suit" for recovery of property forming basis for attorney's lien, within Code 1923, § 6262, subd. 3.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by L. C. Albright against the W. D. Wood Lumber Company. From a decree dismissing the bill, complainant appeals. Affirmed.

W. T. Edwards, of Birmingham, for appellant.

Counsel argues for error in the decree, and cites Code 1923, § 6262.

R. L. Norton, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Appellant performed services for appellee as an attorney in foreclosing a mortgage of land under a power of sale. Appellee became the purchaser at the foreclosure sale, and appellant prepared a deed vesting the foreclosure title in appellee. Then appellant filed the bill in this cause seeking to enforce a lien in his favor on the mortgage property (or its proceeds). The chancellor sustained a demurrer, and, being of opinion that the bill was incapable of amendment so as to give it equity, dismissed it at appellant's cost.

The lien of attorneys at law is declared in section 6262 of the Code of 1923. Such lien attaches to "all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers" or apply such mon-

ey. The bill does not claim a lien of this character. Attorneys also have a lien "upon suits. judgments. and decrees for money," and "upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same."

[1, 2] A mere general debt due to an attorney is not the foundation of a lien. Johnson v. Riddle, 204 Ala. 408, 85 So. 701; Hale v. Tyson, 202 Ala. 107, 79 So. 499; Jackson v. Clopton, 66 Ala. 29; Mosely v. Norman, 74 Ala. 422. The statute has been amended since the decision in Hale v. Tyson so as to create a lien upon suits for the recovery of real property and upon judgménts or decrees for the recovery of land, but in the case made by the bill there was no suit for the recovery of real property. A foreclosure proceeding under a power of sale can by no means be considered a suit. In short, a reading of the statute is enough to make it clear that appellant has no lien. Nor can the bill be amended to aver a lien without an entire change of the facts, and, if that change be necessary, appellant should be required to file a new bill. The chancellor correctly dismissed appellant's bill, and his decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.