(113 So. 447)

JOHNSON et al. v. GERALD.   (5 Div. 979.)

Supreme Court of Alabama.   June 15, 1927.

Rehearing Denied Oct. 20, 1927.

1. Mandamus ⬅4(3)—Interlocutory orders fixing temporary allowances of wife in divorce suits are reviewable by mandamus.

Mandamus is process to review interlocutory orders fixing temporary allowances of wife in divorce suits.

2. Divorce ⬅197—Right of attorney for wife in divorce suit to recover fees depends on contract with wife.

Nature of attorney's right to recover fees as attorney for wife in divorce suit is by way of contract with wife.

3. Divorce ⬅197—Public policy forbids reopening grounds of divorce after reconciliation to allow attorney's fees against husband.

Public policy forbids reopening of grounds of divorce after reconciliation for the purpose of allowing attorney's fees against husband for services rendered wife before reconciliation.

4. Costs ⬅172—There is no inherent right to have attorney's fees paid by opposing side.

In the absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorney's fees paid by, opposing side.

5. Divorce ⬅197—Attorney cannot render service to wife in divorce suit on faith of husband paying for it, except on conditions authorizing allowance thereof.

Attorney cannot render service to wife in divorce suit on faith of having husband pay for it, except on conditions authorizing allowance thereof, among which is possibility of reconciliation.

6. Attorney and client ⬅76(4)—Attorney for wife in divorce suit was without authority to execute reference for temporary alimony and counsel fees after wife filed notice of abandonment of suit.

Where wife suing for divorce filed formal notice of reconciliation and abandonment of suit and disclaimed any demand for an allowance, her attorney was without authority thereafter to proceed in her name to execute reference for allowance of temporary alimony and counsel fees.

7. Divorce ⬅139—Wife's right to dismiss divorce suit is unqualified (Code 1923, § 6555).

Right of wife suing for divorce to dismiss is unqualified, in view of Code 1923, § 6555, relative to dismissal of suit before answer or cross-bill.

8. Dismissal and nonsuit ⬅19(3)—Generally, complainant can dismiss bill except where rights have been acquired by cross-bill.

Generally, complainant can dismiss a bill whenever desired except where defendant has acquired rights duly presented by cross-bill.

9. Divorce ⬅197—Attorney's lien statute held inapplicable to divorce suit when allowance is made to wife (Code 1923, §§ 6261, 6262).

Code 1923, §§ 6261, 6262, relative to attorney's liens, held inapplicable to divorce suit when an allowance is made to wife, and attorney did not acquire lien on decree for money therein as his agreed compensation for services rendered or reasonable value thereof.

10. Divorce ⬅197—Wife's attorney may not, by intervention in divorce suit to secure payment of fees, continue litigation so as to obstruct complete reconciliation.

Attorney for wife in divorce suit may not, by intervention to secure allowance of fees in effect or to limited degree, become an obstacle in the way of complete reconciliation of parties after abandonment of suit.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Bill for divorce by Mabel Hall Johnson against Arthur Johnson, with intervention by Lawrence F. Gerald. From a decree for intervener, complainant and respondent appeal and apply for mandamus. Appeal dismissed; mandamus granted.

Grady Reynolds, of Clanton, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for petitioners and appellants.

The attorney for the wife in a suit for divorce has no right to be paid by the husband for services rendered the wife. Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935; Pearson v. Darrington, 32 Ala. 227; Farrell v. Betts, 16 Ala. App. 668, 81 So. 188; Rast v. Rast, 113 Ala. 319, 21 So. 34; Johnson v. Johnson, 195 Ala. 641, 71 So. 415; 19 C. J. 199; 1 R. C. L. 910. To permit the attorney to intervene would be to continue the litigation after a reconciliation between the parties has put an end to it. Ex parte Printup, 87 Ala. 148, 6 So. 418; Renfro Bros. v. Goetter, Weil & Co., 78 Ala. 311; Curtis v. Curtis, 180 Ala. 69, 60 So. 167; 19 C. J. 231; 21 C. J. 353, 630; 1 R. C. L. 915; Kuntz v. Kuntz, 80 N. J. Eq. 429, 83 A. 787; Bell v. Bell, supra; Code 1923, § 6555.

A. B. Foster, of Birmingham, and L. H. Ellis, of Columbiana, for appellee and respondent.

When the award of fees has been made, the attorney is entitled to enforce the payment of same against the husband. Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935. Appellee had the right to entervene. There was a decree for money, upon which the appellee had a lien and was entitled to enforce it by intervention. Harton v. Amason, 195 Ala. 599, 71 So. 180; Higley v. White, 102 Ala. 604, 15 So. 141; Ala. F. & I. Co. v. Denson, 208 Ala. 337, 94 So. 311; Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 So. 525.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

THOMAS, J. [1] Mandamus is the process to review interlocutory orders fixing temporary allowances of the wife in divorce suits. Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte Edwards, 183 Ala. 659, 62 So. 775; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Ex parte Hilton, 213 Ala. 573, 105 So. 647; Rogers v. Rogers, 215 Ala. 259, 110 So. 141; Ex parte Wood, 215 Ala. 280, 110 So. 409; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836.

The petition of complainant shows, among other things, that there was a bill by the wife for divorce, and to represent her in that behalf she employed counsel who discharged for her valuable services in that suit—filed the bill, procured the order of reference to the register to ascertain "temporary alimony and solicitor's fees," prepared for and examined witnesses on the reference, and the respective allowances made by the register were duly reported to the court, and to which exceptions were taken and filed. Before decision on the register's report of date of November 22, 1926, after said report, respondent in the divorce suit filed his answer of date of November 30, 1926, and after submission on the exception to the report of November 27 and 28, 1926. And a few weeks thereafter (date of December 17, 1926), the respondent in the instant petition rendered a decree upon the register's report and the exceptions thereto and made the respective allowances to complainant which will be later considered.

It is further averred in the petition for mandamus that the parties to the divorce suit became reconciled and resumed their relations as husband and wife, and complainant's attorney was so advised and not to proceed further in the case, whereupon that attorney filed his petition in said court, praying that he be allowed "to intervene in said divorce suit." Respondent in that suit and petition demurred to the petition, and said complainant wife and respondent husband filed in the cause their answer asserting their reconciliation, and the wife as complainant asked for a dismissal of the suit, all orders, references, decrees, and judgments therein and requested the register to "enter on the minutes of the court an order of dismissal at the cost of complainant," and it is averred in the petition for mandamus that the register refused so to do. It is further averred that, therefore, it became the duty of the judge to have such order, requested by complainant, made and entered. It is further averred that "as judge thereof, having failed and refused to have such order of dismissal entered, did undertake to make and enter in said cause an order or decree overruling the demurrer filed by petitioner, Arthur Johnson, and allowing said" attorney to intervene in said cause; that he did so intervene, and said parties objected to such intervention and further proceedings, and without waiving objection the husband and wife filed an answer to the petition of intervention. The husband and wife objected to further proceedings and called attention to the wife's application to dismiss her suit. The court proceeded to take testimony on that petition, refused to enter a decree dismissing said cause, and decreed that intervener recover of respondent in the divorce case the sum indicated, with the costs of the petition for intervention. It is further alleged in the petition for mandamus that the allowance was excessive, that appeal is taken by both parties to the suit for divorce.

[2] It may be well that we here inquire of the nature of the attorney's right in the premises. It is by way of contract with the wife. Farrell v. Betts & Betts, 16 Ala. App. 668, 81 So. 188; Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935.

[3-6] The case of Bell v. Bell, supra, is very like the instant controversy, with the exception that in the former the wife applied for dismissal before a decree allowing her, as complainant, solicitor's fees; in the latter the reference allowing such fee had been had and reported, there was exception taken, and the court had allowed the fees reported. This was an allowance to the wife. Quære, will reconciliation defeat the right to enforce the award when the wife requests that it be dismissed? It was held in Bell's Case that allowance of attorney's fees to wife suing for divorce and alimony is solely for the wife's benefit, and proceeding therefor must be in her name, and her attorney's right to fee is derivative and does not arise if the wife by her act cuts off claim thereto, and not until order allowing suit money at the husband's expense is made on proper hearing does attorney's equity arise to have it applied in payment of his services. Public policy forbids reopening of grounds of divorce after reconciliation for purpose of allowing attorney's fees against the husband. In the absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by opposing side. Attorney cannot render service to wife in divorce suit on faith of having the husband pay for it except on conditions authorizing allowance thereof, among which is possibility of reconciliation. When allowance for attorney's fees has been awarded, it is still subject to the court's control to be reduced or increased as the case develops. Where the wife suing for divorce filed formal notice of reconciliation and abandonment of suit and disclaimed any demand for an allowance, her attorney was without authority thereafter to proceed in her name to execute a reference for allowance of temporary alimony and counsel fees. And in Bell's Case it was declared that the wife's application to dismiss her suit should have been acceded to, and that, the register so failing to enter dismissal, it became the duty of the court to cause the same to be entered.

The foregoing result is in harmony with

our earlier cases (Pearson and Wife v. Darrington, 32 Ala. 227, 255), that solicitor's fees in such suits were regarded as a part of her temporary alimony, allowed as such, and as being necessary for the maintenance of her suit. Rast v. Rast, 113 Ala. 319, 21 So. 34; Jeter v. Jeter, 36 Ala. 392; Johnson v. Johnson, 195 Ala. 641, 71 So. 415. That is, that the allowance was made to the complainant wife "as a part of her alimony, and not to or for the benefit of her solicitors," was the effect of the decision and authorities collected in Farrell v. Betts & Betts, 16 Ala. App. 668, 81 So. 188.

If the solicitor had no lien by statute on the suit or the allowances made in money, he is without remedy. There is no implied contract relation between him and the husband. His contract with the wife cannot be insisted upon by way of recognized independent equity and enforced by intervention in the divorce suit against the protests, pleading, and due request for discontinuance or dismissal by the wife. No other result can follow after the repeated announcements of this court that the allowance to a wife as solicitor's fee is made as a part of her alimony.

[7, 8] Her right to dismiss is unqualified or has been so regarded by this court. Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935. It is provided by statute that in any suit, before answer or cross-bill is filed, the complainant may, on application, dismiss the suit; and after answer or cross-bill is filed the complainant may apply to the register and dismiss the suit; and the register must enter the order on the minutes and give due notice to parties in adverse interest or attorneys of record, who may show cause against dismissal. Code of 1923, § 6555. The general rule is declared to be that a complainant can dismiss a bill whenever desired, with the exception that when a defendant has acquired rights duly presented by cross-bill. Ex parte Jones, 133 Ala. 212, 32 So. 643; Ex parte Conradi, 210 Ala. 213, 217, 97 So. 569. So the statute was construed in Bell v. Bell, 214 Ala. 573, 576, 108 So. 375, 45 A. L. R. 935.

[9] Complainant in petition for intervention insists that when the decree of court upon the register's report, of date of December 17, 1926, was for money, thereafter the solicitor had a lien on the decree as his agreed compensation for services rendered the wife as per the contract, or the reasonable value of his services. Harton v. Amason, 195 Ala. 594, 599, 71 So. 180; Higley v. White, 102 Ala. 604, 15 So. 141; Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 So. 525. These cases are under attorneys' lien statute and were defining the attorney's lien on pending suits eventuating in the right of recovery of money or property. They are inapplicable to a divorce suit when an allowance is made to the wife. We believe that the lien of such suit and allowances provided by statute is foreign to the legislative intent in enacting the statute (section 6261 et seq., Code of 1923) and the construction placed on the statute by this court. Authorities are collected in Dent v. Foy, 214 Ala. 243, 107 So. 210, and Denson v. Ala. F. & I. Co., 198 Ala. 383, 73 So. 525.

Counsel say of the right of the intervener, in his effort to collect his compensation out of the money judgment, as follows:

"We think that admitting the rule, as a general proposition, that a complainant may dismiss a bill, yet where other parties have a right involved therein which they are proceeding to enforce, *such right of dismissal must be postponed until such right is determined.*

"As * * * this proceeding is in no sense any effort or attempt to prolong or continue the divorce case, it merely proceeds to enforce *a right of appellee* in the decree of December 17th. While appellants' counsel contend that the Bell Case is conclusive on this question, we say that it is also conclusive, as to our view of this proposition. * * * The right of the attorney, and the * * * duty of the court to finally adjudicate and fix the amount of the fee to be paid under a decree awarding the fee or allowance." (Italics supplied.)

This assertion of the right of the attorney can only be referred to the statute (section 6262 of the Code) or proceeding analogous thereto, where an independent equity is set up and will be protected in chancery, as a lien or right to the fund recovered and paid into the registry of the court.

The other side of the question was presented in Farrell v. Betts, 16 Ala. App. 668, 81 So. 188, holding the attorney may not enforce a champertous agreement, was not bound in his reasonable compensation rendered in a divorce case by the sum fixed by the court as solicitor's fees, and notwithstanding such action in the chancery court the solicitor may proceed upon his express or implied promise at law. Holloway v. Lowe, 1 Ala. 246.

Adverting to the attorneys' lien statute in the Code of 1907, § 3011, the lien was limited as indicated, and was declared not to extend to real property recovered in the suit. Rawleigh Co. v. Timmerman, 205 Ala. 233, 87 So. 372; Hale v. Tyson, 202 Ala. 107, 79 So. 499; Harton v. Amason, 195 Ala. 594, 71 So. 180. This was amended by subsection 3 of section 6262 of the Code of 1923. In Albright v. W. D. Wood Lumber Co., 214 Ala. 636, 108 So. 738, the extension of the statute by amendment as to lien on real property recovered was noted, and observation made that "a mere general debt due to an attorney is not the foundation of a lien," and that "a foreclosure proceeding under a power of sale (in mortgage) can by no means be considered a suit" for the recovery of property, within the purview of that lien statute.

We have re-examined the wording of the statute for liens of attorneys at law, containing, among other things, the provisions "upon

suits, judgment, and decrees for money; * * * and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them," and the decisions under this statute, and find that no case brings the allowance of support, maintenance, and solicitor's fee to the wife in divorce, within the meaning of the statute, as a "decree for money." The provisions of the statute come to us unchanged from the Code of 1907, § 3011. It was extended to a moneyed decree in the establishment of distributive share in the estate of decedent, in Wade v. Kay, 210 Ala. 122, 97 So. 129; to moneyed judgment in detinue on forfeited forthcoming bond (Ex parte Cooper, 212 Ala. 501, 103 So. 474), and not to the sale of land of decedents for division (Ex parte McLendon, 212 Ala. 403, 102 So. 696); nor upon foreclosure under the power of sale in mortgage as recovery of property will be made the basis of the attorney's lien (Albright v. W. D. Wood Lumber Co., 214 Ala. 636, 108 So. 738).

In the instant case, the evidence of the terms of the employment of solicitor by the wife, her financial ability to pay a reasonable compensation, the services rendered by counsel and the time employed, the facts leading up to and consummated in reconciliation, the notice to counsel to suspend effort, and the amount of reasonable value of the services rendered are thus stated by the petitioner in intervention:

"Q. What did you do? Well, first, what was the terms of that employment? A. That I was to receive a reasonable fee for the services I rendered.

"Q. Did you have a written agreement with her? A. No, sir.

"Q. What did you do, then, under that employment? A. Well, she had three or four conferences with me about the case. She was living with her husband in Clanton here, at that time, and she was preparing to leave; and she had three or four conferences; she went over the facts, the situation that they were in, and I investigated her statements, relative to the facts, and verified them to my own satisfaction, and advised her as to what I considered her rights were under the facts as she stated them; and some time about the middle of September, she left Clanton. * * * I filed the bill of complaint in this case. Now, prior to filing the bill, I had investigated the law of the case; I probably spent a couple of days at it, and prepared the bill of complaint and filed it, and after the bill of complaint was filed and service was had, I investigated the procedure for temporary alimony, the allowance of attorney's fees before answer was filed, and I prepared a petition and secured an order directing a reference; I believe that order was secured about 10 days after the bill was filed; and after the register set this reference down, I investigated the facts relative to that question as to allowance, and found out what witnesses I would need. I think there were some twenty of them used, I believe, maybe between 15 and 20 on the question of allowance,

and 4 or 5 witnesses on the question of facts; then we started on the reference, in October some time, and we took testimony for 2 days on the reference, and the reference then adjourned over 1 day, and the next day the respondent broached the subject of a reconciliation with Mrs. Johnson, and they took up that question, and the result was that the reference was continued, I think 3, maybe 4, weeks, and all of that time the question of reconciliation was up between the parties, and I suppose I had 15 or 20 conferences all through that month with her about that subject, and she sought advice from me as to the various questions that arose; then, that having failed, along about the 20th of November, I believe, we resumed the reference and took testimony 1 day, and completed it; then the next day, the following day, I believe was Saturday, I spent the morning, I think, in checking the record, and that afternoon, with attorneys argued that before the register, then the case was submitted to the judge for the respondent's exceptions. I believe that I wrote a memorandum brief on it, or a small brief, or maybe put it in the form of a letter, I am not sure—I am not sure whether I wrote a brief on that or not; then the decree was rendered in December, that is the decree of the circuit court on that report of reference; then on the 20th the parties became reconciled, and in a day or two after that she called me up and told me that they had got back together, and didn't want her suit pressed any further, and that has been my last communication with her.

"Q. The reconciliation, or the notice of such reconciliation, did that occur after the decree of the court had been ordered and entered, fixing temporary alimony and attorney's fees? A. Yes, sir; 4 or 5 days afterwards."

* * * * *

"Q. Will you tell the court, what, in your opinion or judgment, was the reasonable value of your services as the attorney for Mrs. Johnson, rendered up to the time when you received notice of the reconciliation between her and Dr. Johnson? A. $750.

"Q. Has anything been paid you at all on account of the services rendered Mrs. Johnson? A. No, sir.

"Q. So far as you know, did she have any seperate estate? A. No, sir; the only thing she had was some personal effects, I believe, some silver, linen, and things like that, and diamond ring.

"Q. You have received no compensation whatever? A. No.

"Q. Has anybody ever offered to pay you anything on account of your services? A. No, sir."

The petition for temporary allowances to the wife averred that "she has no property and has no estate and is dependent upon her own physical labor for support and maintenance"; that the husband possessed an estate of $50,000 and an income from his profession of about $7,500. The register reported the wife's allowance of $250 per month and $1,000 as a reasonable sum as solicitor's fee for representing the wife in said cause, and the decree of respective temporary allowances by the court were $200 per month to the wife, and that—

"complainant be allowed the sum of $650 as said attorney's fee to be paid into the registry of the court, and that the right is reserved by the court to fix and ascertain a further fee for the complainant's solicitor before final submission of this cause, it appears to the court that a larger fee than $650 is reasonable to be allowed complainant's solicitor in this cause. * * * The right is reserved to make a further allowance of suit money to complainant in this cause, if such allowance should appear to be necessary."

In Bell y. Bell, 214 Ala. 573, 108 So. 375, 45 A. L. R. 935, are contained the following expressions:

"The attorney has no separate equity, but must derive it from that of his client. The proceeding must be in her name for her benefit. When by her act she cuts off all claim to such allowance the right of the attorney cannot arise. Not until an order allowing the wife suit money at the expense of the husband is made, upon proper hearing, does the equity of the attorney arise to have it applied in payment of his services."

This, no doubt, referred to the right of the attorney in the collection of money paid on such decree as against his client to have it paid to him—"applied in payment of his services." That this is true is evidenced by the further observation:

"The attorney cannot render service for the wife in a divorce suit upon the faith of having the husband pay for it, save on the conditions authorizing the allowance. Among these conditions is the possibility of reconciliation, even the hope thereof, which it is the common duty of all to promote. When an allowance for attorney's fees has been awarded, it is still subject to the control of the court to be reduced or increased as the case develops."

The concluding words of the paragraph— "and in case of reconciliation should be reduced to services rendered prior to that time" —were not necessary to that decision, for there had been no award made to the wife and on the day of taking evidence on the reference she made known the futility thereof, since the husband and wife were reconciled and the absolute right declared—that for dismissal of the suit under the statute (section 6555 of the Code). In short, the effect of the decision in Bell v. Bell, supra, is that the attorneys' lien statute did not apply to a divorce case. The discussion of that statute and the lien on "suit" has developed the scope and rights in the premises, and that the "suit" must eventuate into a final judgment for "money" or property of the class indicated. In Wade v. Kay, 210 Ala. 122, 97 So. 129, this court recently said:

"Section 3011 of the Code gives a lien to attorneys on 'suits, judgments, and decrees for money,' for services rendered in reference thereto. Though the lien is given on suits as well as judgments and decrees it is clear that there can be no enforcement of such a lien until the suit has been prosecuted to judgment."

—meaning by this a final judgment in a case where the statutory lien applies.

[10] It will not be permitted that the wife's attorney in such suits may, by intervention, in effect or to limited degree continue the litigious situation, and to such degree become an obstacle in the way of complete reconciliation of the parties. The contract for services was based upon the reasonable value thereof and the ability of contracting party to respond in a court of law. Farrell v. Betts & Betts, supra. Any other construction would enable an attorney in such "suits," in a limited degree, to continue in the wife's name the supposed grievance to the detriment, financially and socially, of the husband. And this would be the result of an intervention in said "suit" against the wife's asserted right to dismiss the "suit," order an unsatisfied interlocutory decree of the parties, and to put at an end their matrimonial and financial differences.

While this case was brought here by appeal, there has been a formal petition for mandamus filed by the Johnsons, stating the facts upon which relief is asked, and it is authenticated by the transcript or record of proceedings before us, and there was submission in this court on motion for mandamus and on the merits to review the action of the trial court in failing or declining to instruct the register to dismiss the cause and vacate the orders and decrees indicated in the motion or petition of Mrs. Johnson.

We have treated the questions of law and pertinent facts on consideration of the mandamus (Brady v. Brady, 144 Ala. 414, 39 So. 237); it follows from what we have said that the insistence of Arthur Johnson and Mrs. Mabel Hall Johnson is well taken, and that there was error in the trial court in granting leave to said attorney to intervene in this cause, and in declining to instruct the register to enter dismissal of the proceedings as indicated in the application of Mrs. Johnson.

It therefore appears that petitioners in the mandamus are entitled to have the writ issue, unless the trial court, being advised of this decision, duly instructs the register to comply with said request of Mrs. Johnson and dismiss said suit and make all necessary orders, judgment, or decree requiring the register to enter on the minutes of said court the orders of dismissal of said cause at the cost of petitioner, Mabel Hall Johnson; failing in this, the writ of mandamus will issue as prayed to the honorable judge of the Nineteenth judicial circuit to appear and show cause why the peremptory mandamus shall not issue, commanding him to vacate said decree and orders in question. The appeal is dismissed, and the writ is granted.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.