(119 So. 833)

**KING et al. v. ACUFF.** (6 Div. 258.)

Supreme Court of Alabama. Jan. 24, 1929.

620

J. B. Powell, of Jasper, for appellants.

J. J. Ray and R. A. Cooner, both of Jasper, for appellee.

SAYRE, J. Appellee in this cause filed his bill to enforce an alleged lien under section 6262 of the Code. The litigation out of which the lien is supposed to have arisen was prosecuted by appellee on behalf of appellants and others under the authority of section 9905 of the Code, which provides for suits in equity to settle the title to lands and to clear up all doubts or disputes concerning the same.

Appellee's alleged lien is based upon the third subdivision of section 6262, wherein it is provided that attorneys at law shall have a lien "upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered," etc.

We are not disposed to any narrow construction of the statute (section 6262) creating a lien in favor of attorneys (6 C. J. 768, § 365). But the lien cannot be extended beyond the fair intendment of the statute, the effect of which, in agreement with the principles of the common law, is to place the attorney in the position of an equitable

assignee of the judgment obtained by him for his client. Ex parte Lehman, Durr & Co., 59 Ala. 631; Mosely v. Norman, 74 Ala. 422; Warfield v. Campbell, 38 Ala. 527, 82 Am. Dec. 724. The statute has broadened this lien to some extent, has indicated the legislative preference for the substance and incidents of the lien as declared in the Georgia statute which has been adopted, but there is still no warrant under which the court can extend the lien to cases not to be found in the language of the common law or the statute. The third subdivision of section 6262 creates, or at least defines, a lien in favor of attorneys "on the property recovered." This feature of the statute is more than once referred to in our recent case of Owens v. Bolt (Ala. Sup.) 118 So. 590.[1] Appellee's bill fails to show any property recovered for his clients in the proceedings out of which his lien is alleged to have arisen. He recovered a judgment or decree for his clients, appellants, but for the court now to pass a decree declaring him to be the equitable assignee of that judgment or decree to any extent whatever would accomplish nothing to appellee's advantage; this, because the decree merely denies that defendants in the original cause, out of which the lien here in question is supposed to have arisen, had any interest in the property there made the subject of litigation. There was no recovery of property; there was only an authoritative and conclusive declaration by the court that defendants there had no interest in the property the subject of litigation. We are unable to find in the statute any purpose to create a lien in such case.

Significant perhaps is the fact that in adopting the Georgia statute law the Legislature of this state omitted subdivision 5 of the Georgia statute, which provides that "The same liens and modes of enforcement thereof, which are allowed * * * to attorneys at law who are employed to sue for any property, upon the property recovered, shall be equally allowed to attorneys at law employed and serving in defense against such suits in case the defense is successful." Hodnett v. Bonner, 107 Ga. 452, 33 S. E. 416. Without conceding that under the last-quoted subdivision of the Georgia statute an attorney would have a lien for the value of services rendered in clearing up the title to property already in the ownership and possession of his client, it is clear enough that, by the omission of the last-stated subdivision, the Legislature of this state discriminated between suits in which property is recovered and suits in which the right and title to property is successfully defended and left no room for the notion that under the law of this state a lien was created for services rendered in such defense. Significant also to the same conclusion was the discussion

[1] Ante, p. 344.

in Albright v. Wood Lumber Co., 214 Ala. 636, 108 So. 738, in which an attorney was denied a lien under our statute for services rendered in foreclosing a mortgage under a power of sale. The services rendered by appellee in this cause were in truth defensive; they resulted in no judgment or decree for the recovery of property, and hence, in our opinion, neither created nor occasioned any lien under the statute of this state.

Appellants' demurrer to appellee's bill in this cause took the point we have endeavored to state, and should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

