(135 So. 316)

**HARTLEY v. HAND et al.**

6 Div. 886.

Supreme Court of Alabama.

June 11, 1931.

Graham Perdue, of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellees.

**FOSTER, J.**

An original bill in equity was filed December 12, 1923, by Valla Lee Hand, alleged to be over twenty-one years of age, with petitioner and another attorney as her counsel. The purpose of the bill was to enforce the specific performance of an adoption contract as manifested by an instrument executed and acknowledged and filed for record, but not attested by two witnesses (section 9302, Code), to the extent of investing her with such part of the estate of deceased as she would have been entitled to receive if said instrument of adoption had been duly executed. It did not recite the nature of said estate in any respect.

The court sustained demurrer to the bill because it did not show that the estate of deceased embraced real property. Thereupon an amendment was filed alleging that deceased died seized and possessed of certain real estate, particularly described. Demurrer to the bill, as amended, was overruled. On October 30, 1928, complainant filed a motion, signed by her in person, to dismiss the suit. Thereupon petitioner filed his petition of intervention seeking to prosecute the suit to its conclusion, and to enforce an attorney's lien on the interest of complainant in the said real property. The court sustained a demurrer to the petition, and dismissed it, and petitioner has appealed from that decree.

We have noted that the original bill was filed December 12, 1923. We now observe that the "Code of 1923" became effective August 17, 1924, so that when the suit was filed, the Code of 1907 was in force. Subsection 3 of that Code, section 3011, extended the lien of attorneys to suits for the recovery of personal property, but did not include real property. It was several times pointed out that neither by the terms of the statute prior to the Code of 1923, nor by common law, did an attorney's lien extend to real property. Hale v. Tyson, 202 Ala. 107, 79 So. 499; Harton v. Amason, 195 Ala. 594, 71 So. 180; Rawleigh Co. v. Timmerman, 205 Ala. 233, 87 So. 372; Higley v. White, 102 Ala. 604, 15 So. 141; King v. Acuff, 218 Ala. 619, 119 So. 833; Carroll v. Draughon, 154 Ala. 430, 45 So. 919; Kelly v. Horsely, 147 Ala. 508, 41 So. 902.

Several of our cases have also referred to the fact that there was a change in this particular in the Code of 1923, section 6262, extending the lien to suits for the recovery of real property also. Johnson v. Gerald, 216 Ala. 581, 113 So. 447, 59 A. L. R. 348; Owens v. Bolt, 218 Ala. 344, 118 So. 590; King v. Acuff, supra; Albright v. W. D. Wood Lumber Co., 214 Ala. 636, 108 So. 738.

The statute is not remedial, and, if applied to past transactions, it would create or enlarge contractual rights, and would take property without due process. Leahart v. Deedmeyer, 158 Ala. 295, 48 So. 371; 6 C. J. 769,

note 93. And such a construction will not be given "unless by its express terms, or by unmistakable implication, the Legislature must have so intended." For "the future is the appropriate field of legislation." Barrington v. Barrington, 200 Ala. 315, 76 So. 81, 82; Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405, 90 So. 781.

In the petition for intervention, it is alleged that the agreement was for the recovery of certain real estate. No personalty is referred to in it, nor in the bill of complaint. The petition seeks to fasten an attorney's lien on real estate only.

The decree of the court sustaining the demurrer and dismissing the petition is without error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.