166 So. 47

## FAULK v. WISE et al.

### 4 Div. 835.

Supreme Court of Alabama.

Feb. 27, 1936.

M. S. Carmichael, of Montgomery, and M. A. Owen and J. C. Fleming, both of Elba, for appellees.

BOULDIN, Justice.

Appeal from decree overruling demurrer to cross-bill in equity.

The original bill was filed by T. S. Faulk, doing business as T. S. Faulk & Co., to foreclose a mortgage on real estate.

Mulkey & Mulkey, of Geneva, and Rowe & Rowe, of Elba, for appellant.

M. S. Carmichael and M. A. Owen, composing the law firm of Owen & Carmichael, and J. C. Fleming, were made parties respondent. The bill averred they claimed some interest in the real estate, and prayed that they be required to set up such interest and that same be adjudicated.

These parties by answer and cross-bill set up a claim to a statutory attorneys' lien on the lands. Code, § 6262, subd. 3.

Complainant's mortgage was executed by F. M. Wise and wife. The attorneys claim a lien for counsel fees in prosecuting sundry litigation, alleged to be, in part at least, suits for the recovery of the lands within the meaning of the statute, under employment of Mrs. M. M. Wise and Mary Francis Cody, the predecessors in title to complainant's mortgagor. Complainant is alleged to have taken with notice of such lien.

It appears from the answer and cross-bill, as amended, that Mrs. Wise and Miss Cody each owned a one-half interest in the lands, or most of them, and, while certain suits had a common purpose, the attorneys filed separate suits on behalf of each, and liens are claimed severally against their respective interests in the lands for the services performed for each.

The demurrer on which the decree here involved was rendered was addressed specifically to section 9½ of the cross-bill.

This section 9½ relates to the alleged attorneys' lien on the half interest of Miss Cody. It must be read, however, in connection with averments of the amended

cross-bill' as a whole. It is an addition to the cross-bill as theretofore amended.

Among other things, this feature of the cross-bill alleges the attorneys were employed to institute certain suits against one Alsabrooks, and his mortgagee, to cancel a deed procured by fraud, or else by forgery. The averments of the cross-bill lack clearness as to the exact nature of this controversy.

The agreement with attorneys was for a contingent fee of a per centum of the property recovered. This litigation was still pending and undetermined at the time the amended cross-bill was filed.

Among other things, it appears from the cross-bill that, pending the litigation on Miss Cody's behalf, she died, leaving J. D. Cody her sole heir at law; that J. D. Cody, recognizing the pending contract with the attorneys, and desiring to continue the litigation, contracted to sell the half interest in the lands to F. M. Wise in consideration of a sum in money, and in further consideration that Wise should pay the attorneys their fees, if and when the litigation should terminate favorably to the title of Miss Cody; that a deed was accordingly executed from J. D. Cody to F. M. Wise, but put in escrow to be delivered only on payment of counsel fees; that such condition had not been performed, and indeed time for performance had not arrived, when Wise executed the mortgage to Faulk, the complainant; that therefore Faulk acquired no legal title under his mortgage.

Our statute providing for attorney's fee on real estate has been construed in Owens et al. v. Bolt et al., 218 Ala. 344, 118 So. 590, and King et al. v. Acuff, 218 Ala. 619, 119 So. 833.

We think the case before us calls for no further discussion of this statute or its application.

■If J. D. Cody recognized the contractual interest of the attorneys in the land under arrangement with Miss Cody, caused the prosecution of same to continue, and, when selling to Wise, provided for payment of the attorneys' fees as part of the purchase money, and made same a condition to the delivery of the deed put in escrow, then any equity thereafter passing to Faulk under his mortgage from Wise would be subordinate to the equities of these attorneys. Faulk could not stand in the position of a bona fide mortgagee; no deed having been lawfully delivered to his mortgagor.

■ The cross-bill, or rather the feature here involved, was not subject to demurrer for want of equity.

■ The situation presented would not warrant a cancellation of the Faulk mortgage at the instance of these attorneys. The demurrer is addressed, however, to the entire section of the cross-bill, not to the special feature on which the prayer for cancellation is based.

A bill does not become demurrable merely because it prays too much.

The fact that the mortgage from Wise to Faulk contains full covenants of warranty could, obviously, not prejudice the superior equities of the attorneys under the averments of the cross-bill.

■ It appears from the allegations of the cross-bill that, subsequent to the execution of the mortgage by Wise to Faulk and the record of same, Wise executed a mortgage on the lands to the attorneys. Further allegations disclose that this was to cover the fees already accrued in successful litigation already concluded in behalf of Mrs. M. M. Wise touching her one-half interest, which had inured to F. M. Wise as the sole devisee under the will of Mrs. Wise, as well as litigation on behalf of F. M. Wise as plaintiff, or beneficiary, on a contest of the will.

It is argued that taking this mortgage from Wise to the attorneys was a waiver of their lien, or worked an estoppel against them.

The mortgage, though mentioned as exhibit to the cross-bill, does not appear in the record, but the cross-bill avers it was merely given in recognition of the lien and equities of the attorneys and to fix the amount of their claim, etc.

A waiver is a matter of intention. Merely taking cumulative security does not so operate. Nothing in the cross-bill discloses that Faulk has changed his position for the worse because of the existence of this mortgage to the attorneys; hence no estoppel appears.

■ Averments of respondents by way of answer and defense to the relief sought in the original bill are not matters for demurrer to the cross-bill. The original bill invited the respondent attorneys to set up their claim, and the appeal involves only their equities and relief sought in their

cross-bill touching the half interest once owned by Miss Cody.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.