318 So.2d 305

**T. J. CARNES**

v.

**E. V. SHORES.**

**Civ. 564.**

Court of Civil Appeals of Alabama.

Aug. 6, 1975.

T. J. Carnes, pro se.

No appearance for appellee.

WRIGHT, Presiding Judge.

The question presented by this appeal is whether an attorney may intervene, after abandonment by his client, in an action to determine and collect the amount due under a prior decree for alimony. The purpose of such intervention being to establish and enforce an attorney's lien under Title 46, Sec. 64 of the Code of Alabama (1940).

Appellant represented Dessie Lee Shores in a divorce suit against her husband, E. V. Shores. A decree of divorce and alimony was obtained. Approximately one year later Mrs. Shores secured the service of appellant for determination and collection of alimony due under the decree. Appellant filed a petition and other pleading on her behalf. Answer and cross-petition for modification of the previous decree was filed by defendant. Interrogatories were filed and answers obtained thereto by appellant. Hearing was set. Mrs. Shores subsequently notified appellant that she wished to abandon her petition and any contest of the petition of defendant. Appellant moved for leave to intervene and prosecute the matter to judgment so as to establish an attorney's lien and enforce same against defendant.

The court denied the motion to intervene stating that there could be no enforcement of an attorney's lien under Title 46, Sec. 64 until the suit had been prosecuted to judgment. As the suit had not resulted in a judgment, appellant could not intervene.

The court in ruling on appellant's motion to reconsider stated that an attorney could intervene only in cases that had been settled by the parties without consent of the attorney for the purpose of defrauding the attorney of his fee.

Sec. 64, Title 46 of the Code provides for liens of attorneys. Subsection 2 of Sec. 64 is the only part of the section pertinent here. Subsection 2 reads as follows:

"Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

The trial court in its initial ruling on the motion to intervene cited the case of *Peach v. Drennen,* 253 Ala. 271, 44 So. 2d 257 as authority and quoted therefrom as follows:

"Though the lien is given on suits as well as judgments and decrees, there can be no enforcement of such lien until the suit has been prosecuted to judgment."

This quotation came from the prior case of *Wade v. Kay,* 210 Ala. 122, 97 So. 129. It applied to the facts of that case. It clearly is not to be applied as a general rule when considered in the light of Subsection 2 of Sec. 64, Code. The *Wade* case was an action in equity to enforce an attorney's lien alleged to have arisen from services rendered in another case. The statement by the court merely means that in an action to enforce a lien for attorney fees arising from service rendered in another case, such case must have been prosecuted to judgment. Subsection 2 of Sec. 64, of the Code plainly gives an attorney's lien in suits for money together with the same power as their client to prosecute such suits to judgment so that the lien may be enforced.

It was said in the case of *Bell v. Bell,* 214 Ala. 573, 108 So. 375 as follows:

"The statutory lien attaches to the subject-matter of the suit, enforceable against the recovery. In cases to which it applies, it is a change of public policy theretofore obtaining insofar as it deprives the parties of control over lawsuits, and authorizes an intervening attorney to continue the litigation for the purpose of establishing the amount of his fee and enforcing its collection."

It is true, as the trial court observed, that most cases of intervention by attorneys to protect their lien occur when clients attempt by collusion or settlement to avoid paying fees. The right given by statute is not limited to such cases. The purpose of the statute is to protect the at-

torney from loss of his investment in time, effort, learning and funds used in serving the interest of the client.

 It has been held that the right to intervene in a suit given in Sec. 64 does not extend to actions for divorce and alimony. The principle stated in such cases is that such right would be an obstacle to reconciliation. Hindrance or reconciliation in such cases would be contrary to public policy. *Bell v. Bell, supra; Johnson v. Gerald*, 216 Ala. 581, 113 So. 447.

We do not find such reason for prohibition in the instant case. There was a judgment already in existence for monthly alimony. Divorce had been completed. The action here was for the purpose of enforcing the previous judgment which had become final. Payments already due under a decree for alimony represent a final judgment and are collectable as such. *O'Neal v. O'Neal*, 284 Ala. 661, 227 So.2d 430; *Blackwood v. Kilpatrick*, 52 Ala.App. 505, 294 So.2d 753.

Appellant's petition to intervene and prosecute the suit to a conclusion in this case is no different in principle than any other "suit for money," as stated in the statute. We therefore hold that the court erred in denying the petition to intervene.

However, we point out that the burden of establishing proof of the client's action against the defendant rests upon intervenor. It appears from the petition of intervenor that he perhaps is under the impression that he is entitled to establish an attorney fee against defendant for bringing the client's petition. Such is not the case. He is entitled only to establish the amount of fee due from the client either from contract or on quantum meruit for value of services rendered up to the time of intervention. *Bell v. Bell, supra*. There is no right to an allowance of an attorney fee in favor of the wife and against the husband in a proceeding to enforce or collect an award already made. *Rochelle v. Rochelle*, 235 Ala. 526, 179 So. 825; *Jordan v. Jor-*

*dan*, 266 Ala. 386, 96 So.2d 809. The rule of these cases as applied to the facts of this case has not been changed by enactment of Title 34, Sec. 39(3). There has been no contempt of court citation issued in this case.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.