HOLMES, Judge.
This is an appeal from the Circuit Court of Jefferson County’s action denying appellant’s “MOTION TO REINSTATE DECREE, IN PART Or to Set Aside the Court’s Order . . . ” We affirm.
The record reveals the following: Mrs. Parker retained Ms. Judith Crittenden, an attorney, to represent her in obtaining a decree of separate maintenance from Mrs. Parker’s husband. Mrs. Parker’s husband is an attorney. Various legal services were performed by Ms. Crittenden on behalf of her client, Mrs. Parker. The services performed by Ms. Crittenden, the appellant here, resulted in a final judgment of separate maintenance. This decree was entered on August 6, 1976, and provided that Mr. and Mrs. Parker were to live separate and apart; Mrs. Parker was to receive “alimony”; and Ms. Crittenden was awarded an attorney’s fee of $2,000.
Thereafter, on August 10, 1976, some four days after the decree for separate maintenance was entered, Mrs. Parker filed a motion to vacate the August 6 decree. Ms. Crittenden did not represent Mrs. Parker at this proceeding. On the same day the motion to vacate was filed, August 10, the trial court set aside the decree of separate maintenance.
On September 7, 1976, Ms. Crittenden filed the aforesaid motion to reinstate or set aside. This motion which is the basis of this appeal alleged in pertinent part as follows:
“4. Petitioner alleges that having represented the Plaintiff throughout the proceeding herein including the oral hearing on the merits, she had a vested interest in the fee awarded by the Court in its Decree of August 6, and that the Court erred in setting aside that portion of the Decree.”
The Parkers jointly, in response to the motion to reinstate, etc., filed a motion to strike. This motion alleged, among other items, that the Parkers had re-established their marriage relationship and were living together as man and wife.
A hearing was held and the trial court, in its decree dated February 25, 1977, held in pertinent part as follows:
“2. That the Motion to Reinstate Decree in Part or Set Aside the Court’s Order of 8-10-76 be and the same is hereby overruled and denied.”
Hence, this appeal.[1]
The dispositive contention of the appellant is that since a final judgment for separate maintenance had been entered, the attorney had an equitable interest[2] in the court’s award of an attorney’s fee and, therefore, the trial court erred in setting aside that portion of the decree relating to attorney’s fee. We disagree.
Appellant, Ms. Crittenden, contends that Tit. 46, § 64, Code of Alabama 1940 (the attorney lien statute), requires that the appellant’s motion to reinstate, etc., should have been granted. Appellant, in an excellent brief, recognizes that the rights established by Tit. 46, § 64, do not generally extend to actions for divorce and alimony or domestic relation matters. See Johnson v. Gerald, 216 Ala. 581, 113 So. 447 (1927); Bell v. Bell, 214 Ala. 573, 108 So. 375 (1926). Appellant, however, contends that in neither Gerald nor Bell had a final judgment been entered and, therefore, these cases are distinguishable from the instant appeal. Appellant cites this court’s decision in Carnes v. Shores, 55 Ala.App. 608, 318 So.2d 305 (1975), as support of her position.
It is clear to this court that the underlying principle for the holdings in Gerald and Bell, supra, is that if the rights created by *1060 Tit. 46, § 64, were applicable in domestic relation cases, such could be an obstacle to reconciliation. Hindrance of reconciliation in such cases would be contrary to public policy. While this court did allow Tit. 46, § 64, to have force and effect in Carnes, supra, we pointed out that the divorce in that case had been completed and the action brought in that case was, in what could be called a domestic relation case, for the purpose of enforcing a previous judgment which had become final, to wit, past due alimony payments.
Here, in this instance, we do not have a decree of final divorce; we have a decree of separate maintenance. Such a decree in effect maintains the marital status and looks to reconciliation and resumption of the family relationship. Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198 (1936).
To this court, the legal principle that Tit. 46, § 64, as a matter of public policy, should not apply in certain domestic relation type cases is entirely applicable and appropriate in this case. The parties have reconciled; a decree of separate maintenance allows them to do so with relative ease. We, therefore, find the trial court did not err.
While we deem the above to be disposi-tive of the appeal, the appellant additionally contends that “when a dismissal or settlement is motivated by a desire to deprive the attorney of a fee, the attorney has an equitable interest in enforcing an attorney lien” and, therefore, in view of the quoted principle the trial court erred in its action.
Suffice it to say that the trial court could have concluded from the evidence before it that such was not the motivation in the Parkers’ reconciliation and their subsequent motion to dismiss.
We should not be understood as holding that the appellant-attorney is without legal remedy in collecting a reasonable fee for her services. While we are aware of certain practical problems, there are established legal processes wherein appellant may obtain any compensation due her for services performed.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. We note that thereafter, on April 8, 1977, the trial court granted the appellant’s Ms. Critten-den, motion to intervene, presumably for purposes of appeal. No issue of this action is presented on this appeal and we make no comment concerning this action by the trial court.

. This interest arises by virtue of Tit. 46, § 64, Code of Alabama of 1940.