WRIGHT, Presiding Judge.
This case involves the statutory attorney’s lien found in § 34-3-61(c), Code of Alabama (1975). That section, in pertinent part, reveals the following:
Upon all actions for the recovery of real ... property, and upon all judgments for the recovery of the same, attorneys-at-law shall have a lien on the property recovered, for their fees....
The sole issue on appeal is whether the action in which the appellant-attorney represented the appellee-client, and upon which the lien is asserted, was an action for the recovery of real property as envisioned by the statute. The facts, as they pertain to that issue are as follows:
Amos Thomason employed William J. Wynn as his attorney. Wynn filed suit on Thomason’s behalf seeking declaration that the interest rate on a note and mortgage executed by Thomason to one James Brown be declared usurious and that the amount of money owing to Brown under the note and mortgage be determined. The note and mortgage had been executed in an attempt to refinance the sale of certain real property purchased by Thomason from Brown. Thomason occupied the property as a home, was having trouble making his mortgage payments and feared foreclosure. Under the contract of employment, the attorney was to receive as a contingent fee a percentage of any sum saved by Thomason resulting from a finding of usury.
The trial court found the refinancing transaction usurious and fixed the amount owing from Thomason to Brown. Both parties filed post-trial motions which were denied. Having heard that Thomason had contracted to sell the property, Wynn filed a petition to intervene, requesting that the trial court determine the amount of attorney’s fee owed him by Thomason and declare the fee to be a lien upon the property. The trial court denied the attorney’s petition and refused to declare a lien upon the property. The attorney appeals and we affirm.
Section 34-3-61(c) provides for an attorney’s lien, in actions for the recovery of real property, upon the property so recovered by the plaintiff. Appellant-attorney’s argument is that the usury action in which he represented appellee was an action for the recovery of real property. The cases cited by the appellant fail to convince us that the attorney’s lien statute should extend to such a case. Neither do we find it persuasive that the transaction found usurious involved refinancing a purchase of real property. There was no recovery of property; there was only a determination that the interest rate applicable to the refinancing arrangement exceeded that allowed by law. The result was a reduction in the amount payable under the note and mortgage. Ap-pellee already had exclusive possession of the property; his right, title and interest in the property were established prior to the litigation and were not recovered as a result thereof. See, King v. Acuff, 218 Ala. 619, 119 So. 833 (1929).
The services rendered by the appellant resulted in no judgment or decree for the recovery of real property, and hence, neither created nor occasioned any lien under *854 the statute. The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.